

**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

RECEIVED

2018 APR -3  PM 12: 04

In re:

FACEBOOK USER PROFILE LITIGATION

MDL Docket No.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT**
**OF CALIFORNIA AND FOR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol
David T. Rudolph
Melissa Gardner
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
msobol@lchb.com


CARNEY BATES & PULLIAM PLLC
Hank Bates
Allen Carney
David Slade
519 West 7th Street
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505


*Attorneys for Plaintiffs Theresa Beiner and Brandon Haubert*

1532382.4

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................... 1

II.   LEGAL STANDARD............................................................................................ 2

III.  ARGUMENT......................................................................................................... 2

     A.    The Litigation Satisfies the Requirements for Consolidation and Transfer
           Under 28 U.S.C. § 1407........................................................................... 2

           1.    The Litigation Involves Common Questions of Fact................................ 3

           2.    The Parties Face Duplicative Discovery Absent Transfer and
                Consolidation ...................................................................................... 4

           3.    Transfer and Consolidation Will Prevent Inconsistent Pretrial
                Rulings ............................................................................................... 5

           4.    There is a Sufficient Number of Actions to Support Transfer and
                Centralization..................................................................................... 6

     B.    The Northern District of California is the Appropriate Transferee Forum............ 6

IV.  CONCLUSION..................................................................................................... 9

1532382.4

## TABLE OF AUTHORITIES

**Page**

**Cases**

*In re 21st Century Oncology Customer Data Sec. Breach Litig.,*
    214 F. Supp. 3d 1357 (J.P.M.L. 2016)................................................................. 8

*In re Alodex Corp.,*
    380 F. Supp. 790 (J.P.M.L. 1974)......................................................................... 6

*In re Amoxicillin Patent & Antitrust Litig.,*
    449 F. Supp. 601 (J.P.M.L. 1978)......................................................................... 6

*In re Ashley Madison Customer Data Sec. Breach Litig.,*
    148 F. Supp. 3d 1378 (J.P.M.L. 2015)................................................................. 3

*In re Enron Secs., Derivative & ERISA Litig.,*
    196 F. Supp. 2d 1375 (J.P.M.L. 2002)................................................................. 5

*In re Philadelphia Life Ins. Co. Sales Practices Litig.,*
    149 F. Supp. 2d 937 (J.P.M.L. 2001)................................................................... 6

*In re Plumbing Fixture Cases,*
    298 F. Supp. 484 (J.P.M.L. 1968)......................................................................... 2

*In re Resource Exploration Inc. Sec. Litig.,*
    483 F. Supp. 817 (J.P.M.L. 1980)......................................................................... 5

*In re Wireless Tel. Replacement Prot. Programs Litig.,*
    180 F. Supp. 2d 1381 (J.P.M.L. 2002)................................................................. 6

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.,*
    223 F. Supp. 3d 1353 (J.P.M.L. 2016)................................................................. 8

*In re: Anthem, Inc., Customer Data Sec. Breach Litig.,*
    109 F. Supp. 3d 1364 (J.P.M.L. 2015)................................................................. 3

*In re: Cmty. Health Sys., Inc., Customer Sec. Data Breach Litig.,*
    84 F. Supp. 3d 1362 (J.P.M.L. 2015)................................................................... 3

*In re: Colgate-Palmolive Softsoap Antibacterial Hand Soap
    Marketing and Sales Practices Litig.,*
    847 F. Supp. 2d 1381 (J.P.M.L. 2012)................................................................. 7

*In re: Facebook Internet Tracking Litig.,*
    844 F. Supp. 2d 1374 (J.P.M.L. 2012)................................................................. 4

*In re: Groupon, Inc., Mktg. and Sales Practices Litig.,*
    787 F. Supp. 2d 1362 (J.P.M.L. 2011)................................................................. 8

*In re: Home Depot, Inc. Customer Data Sec. Breach Litig.,*
    65 F. Supp. 3d 1398 (J.P.M.L. 2014)............................................................... 3, 8

*In re: Pamidronate Products Liability Litig,*
    657 F. Supp. 2d 1368 (J.P.M.L. 2009)................................................................. 8

*In re: Sony Gaming Networks & Customer Data Sec. Breach Litig.,*
    802 F. Supp. 2d 1370 (J.P.M.L. 2011)................................................................. 4

*In re: Supervalu, Inc., Customer Data Sec. Breach Litig.,*
    67 F. Supp. 3d 1377 (J.P.M.L. 2014)................................................................... 3

**TABLE OF AUTHORITIES**
(continued)

Page

*In re: Target Corp. Customer Data Sec. Breach Litig.*,
    11 F. Supp. 3d 1338 (J.P.M.L. 2014) ............................................................. 4
*In re: U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
    138 F. Supp. 3d 1379 (J.P.M.L. 2015) ........................................................... 8
*In re: Zappos.com, Inc., Customer Data Sec. Breach Litig.*,
    867 F. Supp. 2d 1357 (J.P.M.L. 2012) ........................................................... 4

**Statutes**
28 U.S.C. § 1407 .......................................................................................... 1, 2, 3

**Rules**
JPML Rule 6.2 ...................................................................................................... 1

**Treatises**
Manual for Complex Litigation (Fourth) § 20.131 (2004) ................................. 2

## I.   INTRODUCTION

Pursuant to 28 U.S.C. § 1407 and JPML Rule 6.2, Theresa Beiner and Brandon Haubert, Plaintiffs in the case styled *Beiner et al. v. Facebook, Inc. et al.*, U.S. District Court for the Northern District of California, Case No. 3:18-cv-1953, respectfully move this Judicial Panel on Multidistrict Litigation for an Order transferring the eight currently-filed federal cases listed in the Schedule of Actions filed concurrently herewith (collectively, "the Actions"), as well as any tag-along cases subsequently filed involving similar facts or claims, to the U.S. District Court for the Northern District of California for coordinated or consolidated proceedings.

Movants are plaintiffs in one of the eight cases filed to date against Facebook, Inc. ("Facebook") and other defendants[1] relating to the massive unauthorized exfiltration of Facebook user data for use by Cambridge Analytica for "psychometric" targeted advertising during the 2016 presidential election campaign.  Generally, plaintiffs in the Actions allege that Facebook allowed unauthorized individuals to gain access to its data network storing the private personal information of more than 100 million United States consumers. The exfiltrated information was used to create targeted advertising for what has been described as a campaign of "psychological warfare" during the 2016 presidential election. As alleged in the Actions, the consequences of Facebook's conduct are severe–aside from the illegal use of Facebook user data for advertising, Facebook's user data is still apparently in the hands of unknown third parties. All of the Actions allege violations of various state and federal statutes and common law principles against Facebook relating to its harmful policies and conduct and all seek certification of a similar class of victims.

---

[1] As reflected in the Schedule of Cases filed herewith, while all of the eight actions name Facebook as a defendant, some of the cases name the other following persons and entities as a defendant:  SCL Group, Global Science Research Ltd., Cambridge Analytica LLC, Cambridge Analytica, Cambridge Analytica (UK) Ltd., Robert Leroy Mercer, Aleksandr Kogan, and Mark Zuckerberg.

-1-

Plaintiffs seek the consolidation and transfer of the Actions to the United States District Court for the Northern District of California, where Facebook is headquartered. All of the class actions filed against Facebook contain common allegations and common questions of fact. Moreover, because Facebook's actions have received a great deal of publicity, and the number of victims is enormous, numerous tagalong cases will be filed in the future.

## II.   LEGAL STANDARD

Actions containing allegations with common questions of fact may be transferred and consolidated or coordinated pursuant to Section 1407 if transfer will facilitate the convenience of the parties and witnesses, and will promote the just and efficient conduct of the transferred cases. 28 U.S.C. § 1407. The Panel typically considers four factors in deciding whether to transfer a case under Section 1407:

> a.   the elimination of duplication in discovery;
>
> b.   the avoidance of conflicting rules and schedules;
>
> c.   the reduction of litigation cost; and
>
> d.   the conservation of the time and effort of the parties, attorneys, witnesses and courts.

*See* Manual for Complex Litigation (Fourth) § 20.131 (2004) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)). Each of these factors favors transfer and consolidation of the cases filed against Facebook.

## III.   ARGUMENT

### A.   The Litigation Satisfies the Requirements for Consolidation and Transfer Under 28 U.S.C. § 1407

Pretrial transfer and consolidation under section 1407 is appropriate and necessary here. The Actions involve similar allegations and legal standards and will likely be numerous. Unless

1532382.4

these cases are consolidated, the parties will incur excessive costs due to duplicative discovery, and will face the risk of inconsistent rulings on a variety of matters.

### 1.    The Litigation Involves Common Questions of Fact

In assessing the appropriateness of consolidation under Section 1407, the Panel looks to the pleadings to determine the extent to which common questions of fact are present. The Complaints in these cases clearly present common questions of fact. Each Complaint is based on allegations that the defendants engaged in a massive misappropriation of Facebook's users' data in violation of various statutes and the state common law. In addition, the Complaints generally seek certification of similar classes.

The defendants' intentional conduct alleged in the Actions is without precedent. However, in other cases relating to the exfiltration of private data, this Panel has consistently consolidated cases as they inherently involve common questions of fact. *See, e.g., In re Ashley Madison Customer Data Sec. Breach Litig.*, 148 F. Supp. 3d 1378, 1379 (J.P.M.L. 2015) (actions alleging data breach involving 37 million customers "involve common questions of fact"); *In re: Anthem, Inc., Customer Data Sec. Breach Litig.*, 109 F. Supp. 3d 1364, 1365 (J.P.M.L. 2015) (finding "actions involve common questions of fact" in context of data breach affecting 80 million); *In re: Cmty. Health Sys., Inc., Customer Sec. Data Breach Litig.*, 84 F. Supp. 3d 1362 (J.P.M.L. 2015) ("These actions—all of which are putative nationwide class actions—share factual questions arising from the electronic theft of personally identifiable information and personal health information of approximately 4.5 million customers or patients of common defendants"); *In re: Supervalu, Inc., Customer Data Sec. Breach Litig.*, 67 F. Supp. 3d 1377 (J.P.M.L. 2014) (actions arising "from an alleged data security breach suffered in mid–2014 by Supervalu" found to "involve common questions of fact"); *In re: Home Depot, Inc. Customer Data Sec. Breach Litig.*, 65 F. Supp. 3d 1398, 1399 (J.P.M.L. 2014) ("All the actions, whether

-3-

1532382.4

brought by consumers or by financial institutions, arise from a common factual core—namely, the Home Depot data breach"); *In re: Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d 1338 (J.P.M.L. 2014) ("These actions share factual questions arising from a data security breach at stores owned and operated by Target"); *In re: Zappos.com, Inc., Customer Data Sec. Breach Litig.*, 867 F. Supp. 2d 1357, 1358 (J.P.M.L. 2012) (related actions "share factual questions arising from a security breach in Zappos's computer networks"); *In re: Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d 1370, 1371 (J.P.M.L. 2011) (multiple actions "involve common questions of fact" relating to "Sony defendants fail[ure] to adequately safeguard the financial, personal identification, and related data affecting an estimated 77 million users").

Additionally, this Panel has consolidated privacy-related cases claiming Facebook engaged in authorized tracking of its users. *See In re: Facebook Internet Tracking Litig.,* 844 F. Supp. 2d 1374 (J.P.M.L. 2012) (eleven related actions "share factual allegations that Facebook improperly tracked users' internet activity after users had logged out of their Facebook accounts.").

### 2.   The Parties Face Duplicative Discovery Absent Transfer and Consolidation

Because the allegations of all the cases are substantially similar and derive from the same common actions and course of events, the parties face duplicative discovery if the cases are not transferred and consolidated. This is an important consideration for the panel in that transfer and consolidation "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery ... and substantially conserve the time and efforts of the parties, the witnesses and the federal judiciary." *In re Resource Exploration Inc. Sec. Litig.,* 483

F. Supp. 817, 821 (J.P.M.L. 1980).  The parties in these actions will necessarily engage in duplicative discovery. All Plaintiffs will be seeking the same documentation from the defendants and will likely request to depose the same witnesses. The defendants will likely raise the same class certification objections and discovery objections, seek the same protective orders and assert the same privileges in each case. However, if the Panel transfers and consolidates the cases, the parties will coordinate their efforts and thus save all parties—and the courts—time and money.

### 3.    Transfer and Consolidation Will Prevent Inconsistent Pretrial Rulings

The Panel considers the possibility of inconsistent rulings on pretrial issues because of the possible res judicata or collateral estoppel effects on other cases. *See In re Enron Secs., Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification). Because of the similarity of the allegations in the Complaints, and the likelihood that future filed actions will contain the same, the possibility of inconsistent rulings on pretrial motions is substantially increased. Facebook is likely to present the same pretrial motions in each action and assert the same discovery objections and privileges. As an example, Plaintiffs anticipate that the defendants will file motions to dismiss and for summary judgment. Inconsistent rulings on those dispositive motions would pose a serious problem, in that the Actions seek to certify overlapping classes. In addition, because of the similarity in the allegations, the defendants will likely assert the same defenses in opposition to Plaintiffs' claims, creating a real risk of inconsistent pretrial rulings. In light of this risk, it would be in the best interests of all involved—the parties, the witnesses and the Courts—to transfer and centralize these actions.

-5-

1532382.4

4.     **There is a Sufficient Number of Actions to Support Transfer and Centralization**

As stated above, there are currently eight cases pending in Federal Court and Plaintiffs believe that more will follow. The massive data exfiltration underlying the Actions has received a great deal of publicity, and numerous tag-along actions will likely be filed against Facebook in federal courts around the country. The Panel has routinely ordered centralization of three or fewer cases. *See In re Wireless Tel. Replacement Prot. Programs Litig.*, 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (granting transfer and centralization of three consumer protection cases and determining that pending motions can be presented to and decided by the transferee judge); *In re Philadelphia Life Ins. Co. Sales Practices Litig.*, 149 F. Supp. 2d 937, 938 (J.P.M.L. 2001) (granting transfer of two deceptive insurance sales cases and finding that such transfer would promote the just and efficient conduct of the litigation); *In re Amoxicillin Patent & Antitrust Litig.*, 449 F. Supp. 601, 603 (J.P.M.L. 1978) (granting transfer of three cases involving patent and antitrust issues); *In re Alodex Corp.*, 380 F. Supp. 790, 791 (J.P.M.L. 1974) (granting transfer of three securities actions). Given the substantial number of current and likely tag-along actions related to this data breach, transfer and centralization is appropriate.

B.     **The Northern District of California is the Appropriate Transferee Forum**

An analysis of the applicable facts indicates that the Northern District of California is the preferable court for consolidation of pretrial proceedings in this litigation. Facebook maintains its headquarters in Menlo Park, California within the Northern District.

Courts in the Northern District of California have unparalleled experience and expertise overseeing important digital privacy class actions,[2] including class action litigation against

---

[2] *See e.g., In re Linkedin User Privacy Litig.*, No. 12-cv-3088-EJD (N.D. Cal.) (class action alleging mis-use by platform of 6.4 million users' login credentials without adequate consent); *Antman v. Uber Techs., Inc.*, No. 15-cv-1175-LB (N.D. Cal.) (class action concerning theft of

1532382.4

Facebook,[3] and including MDLs.[4]  Examples of such judicial leadership and case management

can be found in cases such as *Adobe*, where the court's ground-breaking standing ruling[5] has

now been cited favorably dozens of times.  In other circuits, digital privacy law is less

developed, with little law beyond standing or pleading issues.  The Northern District of

California, by comparison, has led the way in the development of online privacy law, and it can

draw on that significant experience in managing these cases. *See In re: Colgate-Palmolive*

*Softsoap Antibacterial Hand Soap Marketing and Sales Practices Litig.*, 847 F. Supp. 2d 1381,

1382 (J.P.M.L. 2012) (selecting district in which an MDL is pending "which involves issues that

appear similar to those in this docket").

      Moreover, it is common practice for cases to be consolidated in the home district of the

primary defendant, particularly in the context of privacy litigation. *See, e.g., In re Yahoo! Inc.*

---

Uber drivers' personal information); *In re Adobe Sys., Inc. Privacy Litig.*, No. 13-cv-5226–LHK
(N.D. Cal.) (class action concerning theft of 38 million users' identifying and credit card
information); *In re: Lenovo Adware Litigation*, No. 15-md-02624-RMW (N.D. Cal.) (class
action alleging that software installed on certain models of Lenovo computers placed users'
private information and data at risk by making the computers vulnerable to cyberattacks); *In re:*
*Carrier IQ, Inc., Consumer Privacy Litigation*, No. 12-md-2230-EMC (N.D. Cal.) (class action
alleging that software embedded on mobile phones surreptitiously tracked private data); *Castillo*
*v. Seagate Tech., LLC*, No. 16-cv-01958-RS (N.D. Cal.) (class action alleging breach of Seagate
employees' W-2 data).
[3] *Fraley v. Facebook, Inc.*, No. 11–cv–01726 (N.D. Cal.) (class action alleging violation of
California statutory and common law in connection with advertising on Facebook); *I.B. ex rel.*
*Fife v. Facebook, Inc.*, No. C 12–1894 (N.D. Cal.) (class action on behalf of minor Facebook
users concerning Facebook's contracts involving minors); *Campbell v. Facebook Inc.*, No. 13-
cv-05996 (N.D. Cal.) (privacy class action alleging that Facebook systematically intercepted
contents of private messages without consent); *In re: Facebook Internet Tracking Litigation*, No.
5:12-md-02314-EJD (N.D. Cal.) (multidistrict class action alleging that Facebook tracked users'
online activity after logging out of their accounts).
[4] *See e.g., In re Anthem, Inc. Data Breach Litig.*, No. 15-md-02617-LHK (N.D. Cal.) (class
action MDL concerning data breach of identifying and health information for approximately 79
million individuals); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-md-2752-LHK
(N.D. Cal.) (class action MDL concerning data breach and unauthorized access to more than 1
billion Yahoo user accounts).
[5] *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197 (N.D. Cal. 2014).

1532382.4

*Customer Data Sec. Breach Litig.*, 223 F. Supp. 3d 1353, 1354-55 (J.P.M.L. 2016) ("We conclude that the Northern District of California is an appropriate transferee district for this litigation. Defendant Yahoo's corporate headquarters is located within the district, and therefore relevant documents and witnesses are likely to be located there."); *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 214 F. Supp. 3d 1357, 1358 (J.P.M.L. 2016) ("The Middle District of Florida is an appropriate transferee forum for this litigation. 21st Century is headquartered in this district, and the witnesses and documents relevant to the facts of this litigation are located there."); *In re: U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 138 F. Supp. 3d 1379, 1381 (J.P.M.L. 2015) ("We select the District of District of Columbia as the transferee district for this litigation. The federal government defendants are located in that district"); *Home Depot, Inc.*, 65 F. Supp. 3d at 1400 ("We are persuaded that the Northern District of California is the most appropriate transferee district for pretrial proceedings in this litigation. Home Depot is headquartered in the Northern District of California. Thus, relevant documents and witnesses are likely located within the district.").

These same principles apply to these cases. Consolidation of these proceedings in the Northern District of California is convenient for the parties and witnesses and is the most appropriate transferee forum.  To the extent that the litigation would require transportation of documents, witnesses, or counsel to the Northern District of California, it is convenient and economical to access, as it is served by three international airports and dozens of reputable hotels. *See In re: Groupon, Inc., Mktg. and Sales Practices Litig.*, 787 F. Supp. 2d 1362, 1364 (J.P.M.L. 2011) (selecting transferee court for litigation is nationwide in scope, in part, "because it . . . is located in an accessible metropolitan area"); *In re: Pamidronate Products Liability Litig*, 657 F. Supp. 2d 1368, 1369 (J.P.M.L. 2009) (same).

-8-

The first-filed case in the Northern District of California is assigned to Judge Vince Chhabria (*Price v. Facebook, Inc. et al*, Case No. 3:18-cv-01732-VC). Judge Chhabria is an experienced judge who has overseen complex and multi-district litigation and would serve the interests of justice as the transferee judge in this case.

## IV.   CONCLUSION

Based upon the foregoing, Plaintiffs' Motion for Transfer and Consolidation Under Section 1407 should be granted and these related actions, as well as any subsequently filed actions containing similar allegations, should be transferred to the United States District Court for the Northern District of California.

Dated: March 29, 2018                    Respectfully submitted,

/s/ Michael W. Sobol
Michael W. Sobol
msobol@lchb.com
David T. Rudolph
drudolph@lchb.com
Melissa Gardner
mgardner@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000

Hank Bates
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
David Slade
dslade@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 West 7th Street
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

*Attorneys for Plaintiffs Theresa Beiner and Brandon Haubert*

1532382.4