*aEE*

**18CV2120**

**FILED**

APR 2 5 2018

*Apr 25 2018*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE:  FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE
LITIGATION

MDL DOCKET NO. 2843

**CA AND SCL DEFENDANTS' RESPONSE IN SUPPORT OF
PLAINTIFFS' MOTION TO TRANSFER RELATED CASES
<u>FOR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ........................................................................................... 1

II.     BACKGROUND ............................................................................................. 1

III.    ARGUMENT.................................................................................................. 4

        A.      Transfer and Consolidation is Appropriate ............................................. 4

                1.      The Actions Involve Common Questions of Fact........................ 5

                2.      Transfer and Consolidation Will Be For the Convenience of Parties
                        and Witnesses................................................................................ 5

                3.      Transfer and Consolidation Will Promote Just and Efficient
                        Proceedings ................................................................................... 7

        B.      The Actions Should Be Transferred To The Northern District Of
                California ............................................................................................... 7

                1.      Most U.S. Discovery Will Take Place in the Northern District of
                        California and Most Conduct Occurred in the Northern District of
                        California ...................................................................................... 8

                2.      No Answers or Responsive Pleadings Have Been Filed ............... 9

                3.      The Majority of Cases Have Been Filed in the Northern District of
                        California ...................................................................................... 9

                4.      Transfer to the Southern District of Texas Would Not Further the
                        Interests of Multidistrict Litigation ............................................. 9

        C.      Alternatives to MDL Are Not Practicable ............................................. 10

IV.     CONCLUSION............................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Air Crash near Peixoto De Azevada, Brazil on Sept. 29, 2006,*
  493 F. Supp. 2d 1374 (J.P.M.L. 2007)........................................................................................9

*Cluck v. IKON Office Sols., Inc.,*
  No. 11-05027-JSW, 2012 WL 1610789 (N.D. Cal. May 8, 2012)............................................6

*In re Fosamax Prods. Liab. Litig.,*
  444 F. Supp. 2d 1347 (J.P.M.L. 2006)........................................................................................9

*In re Generic Pharm. Pricing Antitrust Litig.,*
  No. MDL 2724, 2017 WL 4582710 (J.P.M.L. Aug. 3, 2017) ..........................................10, 11

*In re Holiday Magic Sec. & Antitrust Litig.,*
  368 F. Supp. 806 (J.P.M.L. 1973) (per curiam).........................................................................9

*In re Imprelis Herbicide Mktg., Sales Practices & Prod. Liab. Litig.,*
  825 F. Supp. 2d 1357 (J.P.M.L. 2011)........................................................................................6

*In re Ins. Brokerage Antitrust Litig.,*
  360 F. Supp. 2d 1371 (J.P.M.L. 2005)........................................................................................8

*In re Nat'l Football League's "Sunday Ticket" Antitrust Litig.,*
  148 F. Supp. 3d 1358 (J.P.M.L. 2015)........................................................................................8

*In re PepsiCo, Inc., Bottled Water Mktg. & Sales Practices Litig.,*
  560 F. Supp. 2d 1348 (J.P.M.L. 2008)........................................................................................9

*In re Pineapple Antitrust Litig.,*
  342 F. Supp. 2d 1348 (J.P.M.L. 2004)........................................................................................6

*In re Plumbing Fixture Cases,*
  298 F. Supp. 484 (J.P.M.L. 1968)...............................................................................................6

*In re Schnuck Markets, Inc., Customer Data Sec. Breach Litig.,*
  978 F. Supp. 2d 1379 (J.P.M.L. 2013)........................................................................................5

*In re Starmed Health Pers. FLSA Litig.,*
  317 F. Supp. 2d 1380 (J.P.M.L. 2004)........................................................................................5

*In re Sugar Indus. Antitrust Litig.,*
  395 F. Supp. 1271 (J.P.M.L. 1975).............................................................................................7

*In re Texas Gulf Sulphur Sec. Litig.*,
   344 F. Supp. 1398 (J.P.M.L. 1972)...........................................................................................7

*In re Toys 'R' Us-Delaware, Inc., FACTA Litig.*,
   581 F. Supp. 2d 1377 (J.P.M.L. 2008)......................................................................................6

*In re Treasury Sec. Auction Antitrust Litig.*,
   148 F. Supp. 3d 1360 (J.P.M.L. 2015).................................................................................7, 8

**Statutes**

18 U.S.C. §2510, *et seq.*..................................................................................................................4

18 U.S.C. § 2701, *et seq.*................................................................................................................3

28 U.S.C. § 1407(a) ........................................................................................................................4

Cal. Bus. & Prof. Code § 17200 .....................................................................................................4

## I.    INTRODUCTION

Defendants Cambridge Analytica LLC ("Cambridge Analytica"), Cambridge Analytica

Holdings LLC, Cambridge Analytica Political LLC, Cambridge Analytical Commercial LLC,

Cambridge Analytica (UK) Ltd. (collectively, the "CA Defendants"), and Defendants SCL

Elections Ltd., SCL Group Limited, and SCL USA Inc. (collectively, the "SCL Defendants")

respectfully submit this response in support of Plaintiffs Beiner and Haubert's Motion for

Transfer of Actions to the Northern District of California and for Consolidation Pursuant to 28

U.S.C. § 1407 (ECF No. 1) ("Motion to Transfer").  The CA and SCL Defendants agree with the

moving Plaintiffs, Plaintiff Rubin (*see* ECF No. 7), the Redmond Plaintiffs (ECF No. 57), and

Defendant Facebook, Inc. ("Facebook") (*see* ECF No. 19) that organizing these cases into an

MDL would create substantial efficiencies and avoid inconsistent rulings, and agree that the

Northern District of California is the most appropriate transferee district.

## II.    BACKGROUND

To date, seventeen putative consumer class actions have been filed in seven federal

districts against certain CA or SCL Defendants since March 20, 2018[1]:

### A.    Northern District of California:

    i.    *Beiner v. Facebook, Inc.*, No. 3:18-CV-1953 (N.D. Cal.) (filed Mar. 29, 2018) (Corley, M.J.)

    ii.    *Gennock v. Facebook, Inc.*, No. 3:18-CV-01891 (N.D. Cal.) (filed Mar. 27, 2018) (Ryu, M.J.)

---

[1] There are five additional cases subject to the Motion to Transfer which do not name any CA or SCL Defendants: *Joshua Iron Wing v. Facebook, Inc.*, No. 3:18-cv-02122 (N.D. Cal.) (filed April 6, 2018); *Johnson v. Facebook, Inc.*, No. 3:18-cv-02127 (N.D. Cal.) (filed April 9, 2018); *Buckles v. Facebook, Inc.*, No. 4:18-cv-02189 (N.D. Cal) (filed Apr. 12, 2018); *Karon v. Facebook*, No. 5:18-cv-01929 (N.D. Cal.) (filed Mar. 29, 2018); and *Burton v. Facebook, Inc. et al.*, No. 2:18-cv-02105 (C.D. Ill.) (filed Apr. 12, 2018).

iii.     *Haslinger v. Facebook, Inc.*, No. 3:18-CV-01984 (N.D. Cal.) (filed Mar. 30, 2018) (Rogers, J.)

iv.     *Kooser v. Facebook, Inc.*, No. 3:18-cv-02009 (N.D. Cal.) (filed Apr. 2, 2018) (Laporte, M.J.)

v.      *Labajo v. Facebook, Inc.*, No. 4:18-CV-02093 (N.D. Cal.) (filed Apr. 5, 2018) (Westmore, M.J.)

vi.     *O'Kelly v. Facebook, Inc.*, No. 3:18-CV-01915 (N.D. Cal.) (filed Mar. 28, 2018) (Laporte, M.J.)

vii.    *Picha v. Facebook, Inc.*, No. 3:18-CV-02090 (N.D. Cal.) (filed Apr. 5, 2018) (Kim, M.J.)

viii.   *Price v. Facebook, Inc.*, No. 3:18-CV-01732 (N.D. Cal.) (filed Mar. 20, 2018) (Chhabria, J.)

ix.     *Rubin v. Facebook, Inc.*, No. 3:18-CV-01852 (N.D. Cal.) (filed Mar. 26, 2018) (Spero, M.J.)

x.      *King v. Facebook, Inc.*, No. 3:18-cv-02276 (N.D. Cal.) (filed Apr. 16, 2018) (Laporte, M.J.)

**B.     Northern District of Illinois:**

i.      *Comforte v. Cambridge Analytica*, No. 1:18-CV-02120 (N.D. Ill.) (filed Mar. 22, 2018) (Bucklo, J.)

ii.     *People of the State of Illlinois v. Facebook, Inc.*, No. 1:18-cv-026667 (N.D. Ill.) (filed Mar. 23, 2018; *removed* Apr. 12, 2018) (Dow, J.)

**C.     Southern District of Texas:**

i.      *Lodowski v. Facebook, Inc.*, No. 4:18-CV-00907 (S.D. Tex.) (filed Mar. 23, 2018) (Ellison, J.)

**D.     District of New Jersey:**

i.      *Malskoff v. Facebook, Inc.*, No. 2:18-CV-04451 (D.N.J.) (filed Mar. 27, 2018) (Salas, J.)

**E.     Central District of California:**

i.      *O'Hara v. Facebook, Inc.*, No. 8:18-CV-00571 (C.D. Cal.) (filed Apr. 4, 2018) (unassigned)

**F.**   **Northern District of Alabama:**

    i.   *Williams v. Facebook, Inc.*, No. 2:18-CV-00535-RDP (N.D. Ala.) (filed Apr. 4, 2018) (Proctor, J.)

**G.**   **District of Delaware:**

    i.   *Redmond v. Facebook, Inc.*, No. 1:18-cv-00531-VAC-MPT (D. Del.) (filed Apr. 10, 2018) (assigned to Vacant Judgeship)

There is substantial overlap among the actions with respect to the parties. Each of these actions names Facebook and certain CA or SCL Defendants as defendants. Each action seeks recovery on behalf of Facebook users whose data allegedly was obtained via Aleksandr Kogan's app, "thisisyourdigitallife," and each action seeks to certify nationwide classes of Facebook users whose data was allegedly not sufficiently protected by Facebook and allegedly obtained and used by Cambridge Analytica and other actors without authorization. The CA and SCL Defendants agree with Facebook that all of the putative classes appear to suffer from the same weaknesses that will make class certification impossible, including the common struggle to identify any cognizable theory of injury or damages, and the myriad individualized issues, including issues of consent, that will predominate over any classwide concerns. Thus, class certification proceedings should be handled and coordinated in a single MDL proceeding.

Furthermore, the legal theories and causes of action asserted in the various complaints also substantially overlap. Sixteen of the actions allege common-law torts and/or related privacy-law claims.[2] Thirteen actions allege federal causes of action under the Stored

---

[2] Negligence (*Comforte, Lodowski, Malskoff, O'Kelly, Price, Rubin, Haslinger, Kooser, O'Hara, Williams, Labajo, Picha, Redmond,* and *King*); willful negligence (*Redmond*); invasion of privacy, under several theories (*Comforte, Gennock, O'Kelly, Rubin, Beiner, Haslinger, Kooser, O'Hara, Picha,* and *King*); conversion (*Beiner, Kooser, O'Hara, Williams, Picha,* and *King*); civil conspiracy (*Beiner, Kooser,* and *Williams*); fraudulent misrepresentation (*O'Kelly, Kooser,* and *Redmond*); breach of contract (*King*); and misappropriation of valuable property without compensation (*Labajo*).

3

Communications Act, 18 U.S.C. § 2701, *et seq.*, or the Wiretap Act, 18 U.S.C. §2510, *et seq.*[3]

Fourteen actions allege violations of state consumer protection laws.[4]  And all of the cases

involve the same operative allegations: that Facebook lacked measures sufficient to prevent

improper disclosure of user data, that such user data was improperly disclosed, and that

Cambridge Analytica and other actors used data from Facebook's platform for unauthorized

purposes.[5]

Finally, all of these actions are still in the early stages of litigation.  Many of the

complaints have not yet been served, no responsive pleadings have been filed, and the courts

have not yet expended significant resources.

## III.   ARGUMENT

### A.   Transfer and Consolidation is Appropriate

Transfer and coordination or consolidation of pretrial proceedings in an MDL is

appropriate where: (1) actions pending in different federal courts involve "one or more common

questions of fact"; (2) transfer consolidation "will be for the convenience of parties and

witnesses and will promote the just and efficient conduct of such actions"; and (3) transfer and

---

[3]  *Comforte, Gennock, Lodowski, Malskoff, Beiner, Haslinger, Kooser, O'Hara, Williams, Labajo, Picha, Redmond,* and *King* each assert claims under 18 U.S.C. § 2701, *et seq.* or 18 U.S.C. § 2510, *et seq.*

[4]  Cal. Bus. & Prof. Code § 17200 (*Lodowski, Malskoff, O'Kelly, Price, Rubin, Beiner, Haslinger, O'Hara, Labajo, Picha,* and *King*); Illinois Consumer Fraud & Deceptive Practices Act, 815 ILCS 505 (*Comforte* and *People of Ill.*); N.J. Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 (*Malskoff*); Ala. Deceptive Trade Practices Act, Ala. Code § 8-19-1 (*Williams*).

[5]  The nearly identical factual allegations all appear to be copied from the same two news reports—March 17, 2018, articles in The New York Times and The Guardian. (*See* ECF No. 19-1, Appendix A); *see also Redmond v. Facebook, Inc.,* No. 1:18-cv-00531-VAC-MPT (D. Del.) (filed April 10, 2018), ECF No. 1, at ¶¶ 24 n.12, 25 n.14, 40 n.27 (citing *Guardian* article); *King v. Facebook, Inc.,* No. 3:18-cv-02276-EDL (N.D. Cal.) (filed Apr. 16, 2018), ECF No. 1, at ¶¶ 40 n.30, 46 n.47 (citing *Guardian* article); *People of the State of Illinois v Facebook, Inc.,* No. 2018-CH-03868 (Ill. Cir. Ct.) (filed Mar. 23, 2018), at ¶ 18, n.8 (citing *New York Times* article), *removed* Apr. 12, 2018, No. 1:18-cv-02667 (N.D. Ill.).

4

consolidation will "promote the just and efficient conduct" of pretrial proceedings 28 U.S.C.

§ 1407(a). Each of these considerations weighs in favor of transfer and consolidation.

### 1. The Actions Involve Common Questions of Fact

As set forth above, not only do these actions involve common questions of fact, they

involve nearly identical factual allegations. Indeed, each of the actions alleges that Facebook

allowed Kogan to access user data through his app, that the data was given to certain CA or SCL

defendants, that those CA or SCL defendants used such data without authorization (including for

a presidential election campaign), and that Facebook knew or should have known about the

alleged misuse and did not take appropriate measure to remediate the situation. The claims

asserted in the various actions also overlap, highlighting the commonality of the underlying

factual allegations. Moreover, the cases also propose identical or nearly identical classes:

Facebook users whose data was obtained through the Kogan app. Factual issues central to class

certification, liability, and damages will therefore be similar across all the cases.

### 2. Transfer and Consolidation Will Be For the Convenience of Parties and Witnesses

First, separate litigation of these actions would impose on the parties substantial and

duplicative discovery burdens—precisely the types of burdens that Section 1407 is intended to

prevent. *See, e.g., In re Starmed Health Pers. FLSA Litig.*, 317 F. Supp. 2d 1380, 1381 (J.P.M.L.

2004). As all of the actions stem from the same operative factual allegations, it is likely that they

will share common witnesses, documents, and third-party discovery. Transfer and consolidation

is particularly appropriate here, where the cases are numerous, pending in several districts, and

likely to be followed by additional actions. *See, e.g., In re Schnuck Markets, Inc., Customer

Data Sec. Breach Litig.*, 978 F. Supp. 2d 1379, 1380-81 (J.P.M.L. 2013) (centralizing cases

because there was no "reasonable prospect" that Section 1404 transfer would "eliminate the multidistrict character of the litigation").

Second, centralization will avoid inconsistent pretrial rulings regarding discovery, dispositive motions, and other pretrial matters. *See, e.g., In re Pineapple Antitrust Litig.*, 342 F. Supp. 2d 1348, 1349 (J.P.M.L. 2004) (consolidating cases to "prevent inconsistent pretrial rulings"). This is particularly important here, where there are putative class actions with overlapping class definitions. "[C]entralization in one district will bring efficiencies to the pretrial proceedings of these actions and will eliminate duplicative discovery and prevent inconsistent pretrial rulings, particularly with respect to class certification." *In re Imprelis Herbicide Mktg., Sales Practices & Prod. Liab. Litig.*, 825 F. Supp. 2d 1357, 1359 (J.P.M.L. 2011); *accord, e.g., In re Toys 'R' Us-Delaware, Inc., FACTA Litig.*, 581 F. Supp. 2d 1377, 1377-78 (J.P.M.L. 2008). Indeed, Section 1407 was "designed" to prevent "pretrial chaos" resulting from "conflicting class action determinations." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 492–93 (J.P.M.L. 1968).

Consolidation will make discovery more convenient for the parties and witnesses. Facebook and the CA and SCL defendants will not be forced to respond to multiple different discovery requests in multiple different cases in multiple jurisdictions. Their witnesses can sit for one deposition instead of multiple time-consuming depositions in various different cases. *Cluck v. IKON Office Sols., Inc.*, No. 11-05027-JSW, 2012 WL 1610789, at *2 (N.D. Cal. May 8, 2012) ("Allowing the witnesses to appear once in a single venue is more convenient [than] requiring them to appear multiple times in multiple venues."). As the majority of the cases (11 out of 18) are located in California, consolidation and transfer to California will be most convenient for most of the parties (and likely their witnesses as well).

3.     *Transfer and Consolidation Will Promote Just and Efficient Proceedings*

Without consolidation, Facebook and the CA and SCL Defendants will be forced to litigate the same issues in at least seventeen separate litigations all over the country. Indeed, there will be separate actions in multiple different jurisdictions litigating over the same proposed nationwide group of users. Such duplicative litigation would be a significant waste of judicial resources and inevitably result in inconsistent rulings on behalf of overlapping proposed classes. Such conflicts are avoided by having a single consolidated action for a unitary putative class. *See In re Texas Gulf Sulphur Sec. Litig.*, 344 F. Supp. 1398, 1400 (J.P.M.L. 1972) ("We have frequently held that the possibility of inconsistent class action determinations is an important factor favoring transfer."); *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) (consolidation necessary for actions with "overlap[ping] or duplicat[ive]" class allegations).

Moreover, without consolidation, Facebook and the CA and SCL Defendants will be forced to engage in substantial duplicative discovery in actions all across the country on different schedules and subject to different local rules. Their witnesses will be forced to sit for deposition in potentially seventeen different cases instead of one. They will be required to brief the same issues in multiple different cases in multiple different jurisdictions. Thus, without consolidation, these defendants will be required to waste a huge amount of resources that would otherwise be conserved.

B.     **The Actions Should Be Transferred To The Northern District Of California**

In selecting an appropriate transferee district, the Panel considers: (1) where most discovery will take place; (2) where the relevant conduct occurred; (3) the procedural stage of each case; and (4) where the plurality of cases have been filed. *See, e.g., In re Treasury Sec.*

*Auction Antitrust Litig.*, 148 F. Supp. 3d 1360, 1361-62 (J.P.M.L. 2015) (transferring to Southern District of New York because all defendants were headquartered there and most of the cases had been filed in that district); *In re Nat'l Football League's "Sunday Ticket" Antitrust Litig.*, 148 F. Supp. 3d 1358, 1359-60 (J.P.M.L. 2015) (transferring to Central District of California because 15 actions had been filed there, defendant maintained its headquarters there, and common evidence would likely be found there). "[T]ransfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer." *In re Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005). Each of these factors weighs in favor of transfer to the Northern District of California.

> 1. ***Most U.S. Discovery Will Take Place in the Northern District of California and Most Conduct Occurred in the Northern District of California***

Much of the relevant alleged conduct pertains to Facebook's data protection measures, which are likely implemented at its headquarters in the Northern District of California. Discovery regarding Facebook's data protection measures therefore are likely to be centered in the Northern District of California, where Facebook is based and most of its relevant witnesses reside. Moreover, Aleksandr Kogan, not any of the CA Defendants, is the party responsible, if any, for misappropriating consumer data and violating Facebook's terms of service. Thus, to the extent discovery turns to the alleged conduct of the CA Defendants and their use of Facebook user data, relevant documents and witnesses are likely to be located in the U.K. (where Kogan resides) and New York (where Cambridge Analytica is headquartered). However, given the focus of the cases on the insufficiency of Facebook's data protection measures, the CA Defendants agree with the *Beiner* and *Rubin* plaintiffs and Facebook that the bulk of the relevant evidence will be located in the Northern District of California is appropriate. Facebook itself

acknowledges that many witnesses whom plaintiffs might seek to depose work at Facebook's headquarters in Menlo Park, in the Northern District of California. (ECF 19 at 14.)

## 2. *No Answers or Responsive Pleadings Have Been Filed*

Here, all of the cases were filed within the last five weeks, the defendants have filed no answers or motions to dismiss, no court has held a Rule 26(f) conference, and no discovery has taken place. *See, e.g.*, *In re Air Crash near Peixoto De Azevada, Brazil on Sept. 29, 2006*, 493 F. Supp. 2d 1374, 1376 (J.P.M.L. 2007).

## 3. *The Majority of Cases Have Been Filed in the Northern District of California*

Ten out of the seventeen cases filed against the CA or SCL Defendants have been filed in the Northern District of California, weighing in favor of transfer. *See, e.g.*, *In re PepsiCo, Inc., Bottled Water Mktg. & Sales Practices Litig.*, 560 F. Supp. 2d 1348, 1349 (J.P.M.L. 2008) (selecting a transferee district in part because two of four filed actions were already pending there); *In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347, 1349-50 (J.P.M.L. 2006) (15 of 19 actions already pending in transferee district); *In re Holiday Magic Sec. & Antitrust Litig.*, 368 F. Supp. 806, 807 (J.P.M.L. 1973) (per curiam) (two of five cases already pending in transferee district).

## 4. *Transfer to the Southern District of Texas Would Not Further the Interests of Multidistrict Litigation*

Transferring the actions to the Southern District of Texas, as the *Lodowski* plaintiffs urge, would not further the interests of MDL consolidation. Only one action has been filed in that district, and the *Lodowski* plaintiffs do not assert that any of the relevant documents or witnesses will be located in Texas. The *Lodowski* plaintiffs argue that Houston's geographic location is convenient for the parties. (ECF No. 16-1 at 5-7.) However, Houston's relative proximity to the east coast is substantially outweighed by the travel burdens that would be imposed on all

9

California-based witnesses, as well as counsel in most of the cases. The Northern District of California is a more appropriate venue because, as the *Beiner* and *Rubin* Plaintiffs argue, travel in and out of the San Francisco Bay Area is facilitated by the three nearby international airports.

### C.   Alternatives to MDL Are Not Practicable

The Panel has asked the parties to "address what steps they have taken to pursue alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases)." (ECF No. 3.)

Given the number of cases across the number of judicial districts, the CA and SCL Defendants believe any alternative to centralization is unworkable. Informal coordination of discovery and scheduling is unlikely to occur across the many different parties. Indeed, as between the CA and SCL Defendants and the plaintiffs in each case, there are over twenty law firms for which such informal coordination would need to occur. There are also seven different districts currently involved, each with different rules governing discovery and scheduling. Seeking a section 1401 transfer of all seventeen cases to the one district is also unworkable given the sheer number of parties. Indeed, at least one plaintiff has already opposed a transfer to the Northern District of California, where the majority of the other cases already reside. (ECF No. 16.)

Thus, an MDL is the most efficient and effective means of avoiding duplication in these cases. Indeed, the Panel has found that centralization is the only way to avoid imposing such duplication: "informal coordination and cooperation among the parties and courts" is not "sufficient to eliminate the potential for duplicative discovery, inconsistent pretrial rulings, and

conflicting discovery obligations." *In re Generic Pharm. Pricing Antitrust Litig.*, No.

MDL 2724, 2017 WL 4582710, at *2 (J.P.M.L. Aug. 3, 2017).

## IV.    CONCLUSION

For the foregoing reasons, the CA and SCL Defendants respectfully request that this

Panel grant the pending motion to establish an MDL covering the seventeen actions identified

involving the CA or SCL Defendants (and any additional related actions that may get filed in the

future), and assign the MDL to the Northern District of California for consolidated pretrial

proceedings.

Dated:  April 20, 2018                    Respectfully submitted,

                                          MILBANK, TWEED, HADLEY & MCCLOY LLP

                                          By:  ___/s/ Mark C. Scarsi_____
                                          Mark C. Scarsi
                                          2029 Century Park East, 33rd Floor
                                          Los Angeles, CA 90067
                                          Tel: (424) 386-4580
                                          Fax: (213) 892-4780
                                          mscarsi@milbank.com

                                          *Attorneys for CA and SCL Defendants*

#4833-4654-2178

BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE:  FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION | MDL DOCKET NO. 2843 |

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure of the United States Judicial

Panel on Multidistrict Ligation, I hereby certify that on April 20, 2018, I caused the foregoing

documents to be filed with the Clerk of the Court using the Court's CM/ECF system, which will

serve notification of such filing on all counsel of record as follows:

| **BY CM/ECF:** |  |
|---|---|
| Matthew I. Knepper<br>Miles N. Clark<br>KNEPPER & CLARK, LLC<br>10040 W. Cheyenne Avenue, Suite 170-109<br>Las Vegas, NV 89129<br>Email: matthew.knepper@knepperclark.com<br>Email: miles.clark@knepperclark.com<br>*Attorneys for Plaintiff Sanford Buckles<br>Individually and on Behalf of All Others<br>Similarly Situated* | Elizabeth Ann Wagner<br>Seyed Abbas Kazerounian<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Ave. Unit D1<br>Costa Mesa, CA 92626<br>Email: elizabeth@kazlg.com<br>Email: ak@kazlg.com<br>*Attorneys for Plaintiff Sanford Buckles<br>Individually and on Behalf of All Others<br>Similarly Situated* |

1

| | |
|---|---|
| Joshua B. Swigart<br>HYDE AND SWIGART<br>2221 Camino Del Rio South, Suite 101<br>San Diego, CA 92108<br>Email: josh@westcoastlitigation.com<br>*Attorneys for Plaintiff Sanford Buckles*<br>*Individually and on Behalf of All Others*<br>*Similarly Situated* | Matthew M. Loker<br>KAZEROUNI LAW GROUP, APC<br>1301 East Grand Avenue, Suite 101<br>Arroyo Grande, CA 93420<br>Email: ml@kazlg.com<br>*Attorneys for Plaintiff Sanford Buckles*<br>*Individually and on Behalf of All Others*<br>*Similarly Situated* |
| Brian Michael Lutz<br>Kristin Andrea Linsley<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Email: BLutz@gibsondunn.com<br>Email: KLinsley@gibsondunn.com<br>*Attorneys for Defendants Facebook, Inc.* | Joshua Lipshutz<br>GIBSON DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, NW, 3rd Floor<br>Washington, DC 20036<br>Email: jlipshutz@gibsondunn.com<br>*Attorneys for Defendant Facebook, Inc.* |
| Orin Snyder<br>GIBSON DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Email: osnyder@gibsondunn.com<br>*Attorneys for Defendant Facebook, Inc.; Mark*<br>*Zuckerberg; Sheryl Sandberg* | Timothy Scott Burton, Jr.<br>115 Iowa Street<br>Danville, IL 61832<br>Email: runnerforlife08@gmail.com<br>*PRO SE* |
| Alyssa M Williams<br>Angela Jae Chun<br>David Seabold Casey , Jr<br>Jeremy K. Robinson<br>Gayle M. Blatt<br>CASEY GERRY SCHENK FRANCAVILLA<br>BLATT & PENFIELD LLP<br>110 Laurel St<br>San Diego, CA 92101<br>Email: awilliams@cglaw.com<br>Email: ajc@cglaw.com<br>Email: dcasey@cglaw.com<br>Email: jrobinson@cglaw.com<br>Email: gmb@cglaw.com<br>*Attorneys for Plaintiff Lucy Gerena* | Alfred K. Murray<br>Ari J. Scharg<br>Benjamin H Richman<br>David I. Mindell<br>Jay Edelson<br>EDELSON PC<br>350 N LaSalle, 14th Floor<br>Chicago, IL 60654<br>Email: amurray@edelson.com<br>Email: ascharg@edelson.com<br>Email: brichman@edelson.com<br>Email: dmindell@edelson.com<br>Email: jedelson@edelson.com<br>*Attorneys for People of the State of Illinois,*<br>*ex rel. Kimberly M. Foxx State's Attorney of*<br>*Cook County, Illinois* |

| | |
|---|---|
| Kent Stephen Ray<br>Cook County States Attorney's Office Daley Ctr.<br>69 W. Washington Street, Suite 3130<br>Chicago, IL 60602<br>Email: kent.ray@cookcountyil.gov<br>*Attorneys for People of the State of Illinois, ex rel. Kimberly M. Foxx State's Attorney of Cook County, Illinois* | Nathan P. Eimer<br>Susan M. Razzano<br>EIMER STAHL LLP<br>224 South Michigan Avenue, Suite 1100<br>Chicago, IL 60604<br>Email: neimer@eimerstahl.com<br>Email: srazzano@eimerstahl.com<br>*Attorneys for Defendants Facebook, Inc.* |
| Eric H. Gibbs<br>GIBBS LAW GROUP LLP (Oakland, CA Office)<br>505 14th Street, Suite 1110<br>Oakland, CA 94612<br>Email: ehg@classlawgroup.com<br>*Attorneys for Plaintiff Patricia King* | Derek G. Howard<br>DEREK G. HOWARD LAW FIRM, INC.<br>42 Miller Avenue<br>Mill Valley, CA 94941<br>Email: derek@derekhowardlaw.com<br>*Attorneys for Plaintiff James Karon derivatively on behalf of Facebook, Inc.* |
| Larry Wayne Gabriel<br>Daniel Joseph Mulligan<br>JENKINS MULLIGAN & GABRIEL LLP<br>10085 Carroll Canyon Road, Suite 210<br>San Diego, CA 92131<br>Email: lgabriel@bg.law<br>Email: dan@jmglawoffices.com<br>*Attorneys for Plaintiff James Karon derivatively on behalf of Facebook, Inc.* | Patrice L. Bishop<br>STULL, STULL & BRODY<br>9430 West Olympic Boulevard, Suite 400<br>Beverly Hills, CA 90212<br>Email: service@ssbla.com<br>*Attorneys for Interested Party Ronald Martin* |
| John A. Yanchunis<br>Patrick A. Barthle , II<br>Ryan McGee<br>Morgan & Morgan Complex Litigation Group<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Email: jyanchunis@forthepeople.com<br>Email: pbarthle@forthepeople.com<br>Email: rmcgee@forthepeople.com<br>*Attorneys for Plaintiff Lauren Price* | Joshua H. Watson<br>ARNOLD LAW FIRM<br>865 Howe Avenue<br>Sacramento, CA 95825<br>Email: jwatson@justice4you.com<br>*Attorneys for Plaintiff Lauren Price and Interested Parties Debra Kooser and Margaret Franiewicz* |

| | |
|---|---|
| Steven William Teppler<br>Abbott Law Group, P.A.<br>2929 Plummer Cover Road<br>Jacksonville, FL 32223<br>Email: steppler@abbottlawpa.com<br>*Attorneys for Plaintiff Lauren Price* | David Taylor Rudolph<br>Melissa Ann Gardner<br>Michael W Sobol<br>LIEFF CABRASER HEIMANN AND<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Email: drudolph@lchb.com<br>Email: msobol@lchb.com<br>Email: mgardner@lchb.com<br>*Attorneys for Interested Parties Theresa*<br>*Beiner and Brandon Haubert* |
| Nicholas Diamand<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br>Email: ndiamand@lchb.com<br>*Attorneys for Plaintiffs Theresa Beiner;*<br>*Brandon Haubert* | Francis A. Bottini, Jr.<br>BOTTINI & BOTTINI INC.<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>Email: fbottini@bottinilaw.com<br>*Attorneys for Interested Party Natalie*<br>*Ocegueda* |
| Mark C Molumphy<br>COTCHETT PITRE & MCCARTHY LLP<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Email: mmolumphy@cpmlegal.com<br>*Attorneys for Interested Party Jeremiah F.*<br>*Hallisey* | Robert Frank Lopez<br>Steve W. Berman<br>HAGENS BERMAN SOBOL SHAPIRO<br>LLP<br>1918 8th Avenue, Suite 3300<br>Seattle, WA 98101<br>Email: robl@hbsslaw.com<br>Email: steve@hbsslaw.com<br>*Attorneys for Plaintiff Carol Johnson;*<br>*Daniel Paul; Steve Mortillaro individually*<br>*and on behalf of all others similarly situated* |
| Daniel E. Barenbaum<br>BERMAN TABACCO<br>44 Montgomery Street, Suite 650<br>San Francisco, CA 94104<br>Email: dbarenbaum@bermantabacco.com<br>*Attorneys for Gloria Stricklin Trust* | Nicholas A Carlin<br>Brian S. Conlon<br>PHILLIPS, ERLEWINE, GIVEN &<br>CARLIN<br>39 Mesa Street, Suite 201<br>The Presidio<br>San Francisco, CA 94129<br>Email: nac@phillaw.com<br>Email: bsc@phillaw.com<br>*Attorneys for Jonathan D. Rubin individually*<br>*and on behalf of all those similarly situated;*<br>*Interested Party Jonathan D. Rubin* |

| | |
|---|---|
| Norman E. Siegel<br>Stueve Siegel Hanson LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br>Email: siegel@stuevesiegel.com<br>*Attorneys for Howard O'Kelly on behalf of*<br>*himself and all others similarly situated* | Jason S Hartley<br>STUEVE SIEGEL HANSON LLP<br>550 West C Street, Suite 1750<br>San Diego, CA 92101<br>Email: hartley@stuevesiegel.com<br>*Attorneys for Howard O'Kelly on behalf of*<br>*himself and all others similarly situated* |
| Allen Carney<br>Hank Bates<br>David F. Slade<br>James Allen Carney, Jr.<br>CARNEY BATES & PULLIAM PLLC<br>519 West 7th Street<br>Little Rock, AR 72201<br>Email: acarney@cbplaw.com<br>Email: hbates@cbplaw.com<br>Email: dslade@cbplaw.com<br>Email: ACarney@cbplaw.com<br>*Attorneys for Plaintiffs Theresa Beiner;*<br>*Brandon Haubert* | Shana E. Scarlett<br>HAGENS BERMAN SOBOL SHAPIRO<br>LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Email: shanas@hbsslaw.com<br>*Attorneys for Plaintiff Carol Johnson;*<br>*Daniel Paul; Steve Mortillaro*<br>*individually and on behalf of all others*<br>*similarly situated* |
| Korula T Cherian<br>Rebecca Ruby Anzidei<br>Richard W. Fields<br>Richard Ripley<br>Robert Francis Ruyak<br>RUYAKCHERIAN LLP - Berkley<br>1700 K Street NW, Suite 810<br>Washington, DC 20006<br>Email: sunnyc@ruyakcherian.com<br>Email: rebeccaa@ruyakcherian.com<br>Email: Fields@fieldslawpllc.com<br>Email: rickr@ruyakcherian.com<br>Email: robertr@ruyakcherian.com<br>*Attorneys for Plaintiffs Ben Redmond; Lindsay*<br>*Rathert; Salvador Ramirez; Gerry Galipault;*<br>*Kyle Westendorf; Robert Woods; Jordan*<br>*Hunstone Individually and on behalf of all*<br>*others similarly situated* | Adam Russell Credeur<br>Kenneth W. DeJean<br>LAW OFFICES OF KENNETH W.<br>DEJEAN<br>P.O. Box 4325<br>Lafayette, LA 70502<br>Email: adam@kwdejean.com<br>Email: kwdejean@kwdejean.com<br>*Attorneys for Plaintiffs Ashley Gennock;*<br>*Randy Nunez* |

| | |
|---|---|
| Gary F. Lynch<br>Kelly Kathleen Iverson<br>CARLSON LYNCH SWEET & KILPELA,<br>LLP<br>1133 Penn Avenue, Fifth Floor<br>Pittsburgh, PA 15222<br>Email: glynch@carlsonlynch.com<br>*Attorneys for Plaintiffs Ashley Gennock;*<br>*Randy Nunez* | Karen Hanson Riebel<br>Kate M. Baxter-Kauf<br>LOCKRIDGE GRINDAL NAUEN PLLP<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401-2159<br>Email: Khriebel@locklaw.com<br>Email: kmbaxter-kauf@locklaw.com<br>*Attorneys for Plaintiffs Ashley Gennock;*<br>*Randy Nunez* |
| Todd D. Carpenter<br>CARLSON LYNCH SWEET KILPELA &<br>CARPENTER, LLP<br>1350 Columbia St., Suite 603<br>San Diego, CA 92101<br>Email: tcarpenter@carlsonlynch.com<br>*Attorneys for Plaintiff Ashley Gennock* | James Constantine Vlahakis<br>Joseph Scott Davidson<br>SULAIMAN LAW GROUP, LTD.<br>2500 S. Highland Avenue, Suite 200<br>Lombard, IL 60148<br>Email: jvlahakis@sulaimanlaw.com<br>Email: jdavidson@sulaimanlaw.com<br>*Attorneys for Plaintiffs Victor James*<br>*Comforte, II and Brendan Michael Carr*<br>*individually and on behalf of all others*<br>*similarly situated* |
| William Craft Hughes<br>HUGHES ELIZEY LLP<br>2700 Post Oak Boulevard<br>Galleria Tower I, Suite 1120<br>Houston, TX 77056-5767<br>Email: craft@hughesellzey.com<br>*Attorneys for Plaintiff Matthew Lodowski* | Stephen A Weiss<br>SEEGER WEISS LLP<br>55 Challenger Road, 6th Floor<br>Ridgefield Park, NJ 07660<br>Email: sweiss@seegerweiss.com<br>*Attorneys for Plaintiffs Jay Malskoff and*<br>*Kenneth Irvine Individually and on behalf of*<br>*all others* |
| James E Cecchi<br>CARELLA BYRNE CECCHI OLSTEIN<br>BRODY & AGNELLO<br>5 Becker Farm Road<br>Roseland, NJ 07068-1727<br>Email: jcecchi@carellabyrne.com<br>*Attorneys for Plaintiffs Jay Malskoff and*<br>*Kenneth Irvine Individually and on behalf of*<br>*all others* | Christopher Londergan Springer<br>KELLER ROHRBACK L.L.P.<br>801 Garden Street<br>Santa Barbara, CA 93101<br>Email: cspringer@kellerrohrback.com<br>*Attorneys for Plaintiff Suzie Haslinger*<br>*individually and on behalf of all others*<br>*similarly situated* |

| | |
|---|---|
| Gretchen F. Cappio<br>Cari C. Laufenberg<br>Lynn Lincoln Sarko<br>KELLER ROHRBACK LLP<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101-3052<br>Email: gcappio@kellerrohrback.com<br>Email: claufenberg@kellerrohrback.com<br>Email: lsarko@kellerrohrback.com<br>*Attorneys for Plaintiff Suzie Haslinger*<br>*individually and on behalf of all others*<br>*similarly situated* | Matthew Jury<br>MCCUE & PARTNERS, LLP<br>158 Buckingham Palace Road<br>Fourth Floor<br>London SWIW 9TR United Kingdom<br>Email: matthew.jury@mccue-law.com<br>*Attorneys for Plaintiffs Ben Redmond;*<br>*Lindsay Rathert; Salvador Ramirez; Gerry*<br>*Galipault* |
| Kevin S. Hannon<br>HANNON LAW FIRM LLC<br>1641 Downing Street<br>Denver, CO 80218-1528<br>Email: khannon@hannonlaw.com<br>*Attorneys for Plaintiffs Debra Kooser;*<br>*Margaret Frankiewicz on behalf of themselves*<br>*and all others similarly situated* | Aidan C McGlaze<br>Paul L. Hoffman<br>SCHONBRUN SEPLOW HARRIS AND<br>HOFFMAN LLP<br>11543 West Olympic Boulevard<br>Los Angeles, CA 90064<br>Email: amcglaze@sshhlaw.com<br>Email: phoffman@sshhlaw.com<br>*Attorneys for Plaintiffs Jordan O'Hara and*<br>*Olivia Johnson individually and on behalf of*<br>*all others similarly situated; Brent Collins* |
| Amy Christine Johnsgard<br>Andrew J Kubik<br>Ben Travis<br>Helen Zeldes<br>Coast Law Group LLP<br>1140 South Coast Highway 101<br>Encinitas, CA 92024<br>Email: amy@coastlaw.com<br>Email: andy@coastlawgroup.com<br>Email: ben@coastlaw.com<br>Email: helen@coastlaw.com<br>*Attorneys for Plaintiffs Jordan O'Hara and*<br>*Olivia Johnson individually and on behalf of*<br>*all others similarly situated; Brent Collins* | Charles J. LaDuca<br>Cuneo Gilbert & LaDuca, LLP<br>4725 Wisconsin Ave., NW, Suite 200<br>Washington, DC 20016<br>Email: charlesl@cuneolaw.com<br>*Attorneys for Plaintiffs Jordan O'Hara and*<br>*Olivia Johnson individually and on behalf of*<br>*all others similarly situated; Brent Collins* |

| | |
|---|---|
| Michael J Flannery<br>Cuneo Gilbert & Laduca, LLP<br>7733 Forsyth Boulevard, Suite 1675<br>St. Louis, MO 63105<br>Email: mflannery@cuneolaw.com<br>*Attorneys for Plaintiffs Jordan O'Hara and*<br>*Olivia Johnson individually and on behalf of*<br>*all others similarly situated; Brent Collins* | Christopher P Simon<br>David Gerard Holmes<br>CROSS & SIMON LLC<br>1105 North Market Street, Suite 901<br>Wilmington, DE 19801<br>Email: csimon@crosslaw.com<br>Email: dholmes@crosslaw.com<br>*Attorneys for Plaintiffs Ben Redmond;*<br>*Lindsay Rathert; Salvador Ramirez; Gerry*<br>*Galipault* |
| Thomas J. O'Reardon<br>BLOOD HURST & O'REARDON LLP<br>701 B Street, Suite 1700<br>San Diego, CA 92101<br>Email: toreardon@bholaw.com<br>*Attorneys for Plaintiffs Jordan O'Hara and*<br>*Olivia Johnson individually and on behalf of*<br>*all others similarly situated; Brent Collins* | J Bradley Ponder<br>MONTGOMERY PONDER, LLC<br>2226 1st Avenue South, Unit 105<br>Birmingham, AL 35233<br>Email: brad@montgomeryponder.com<br>*Attorneys for Plaintiff Jackie Williams on*<br>*behalf of herself and all others similarly*<br>*situated* |
| Lucas C Montgomery<br>MONTGOMERY PONDER LLC<br>2421 2nd Ave North, Unit 1<br>Birmingham, AL 35203<br>Email: luke@montgomeryponder.com<br>*Attorneys for Plaintiff Jackie Williams on*<br>*behalf of herself and all others similarly*<br>*situated* | Gordon M Fauth, Jr.<br>Rosanne L Mah<br>FINKELSTEIN THOMPSON LLP<br>100 Pine Street, Suite 1250<br>San Francisco, CA 946111<br>Email: gfauth@finkelsteinthompson.com<br>Email: rmah@finkelsteinthompson.com<br>*Attorneys for Plaintiff Christian Labajo an*<br>*Individual, on behalf of herself and all others*<br>*similarly situated* |

| | |
|---|---|
| Andrew Arnold<br>Ann Ritter<br>Annie Kouba<br>Fred Baker<br>Jodi Westbrook Flowers<br>Kimberly Barone Baden<br>MOTLEY RICE LLC<br>28 Bridgeside Boulevard<br>Mt. Pleasant, SC 29464-4375<br>Email: aarnold@motleyrice.com<br>Email: aritter@motleyrice.com<br>Email: akouba@motleyrice.com<br>Email: fbaker@motleyrice.com<br>Email: jflowers@motleyrice.com<br>Email: kbarone@motleyrice.com<br>*Attorneys for Plaintiff Taylor Picha*<br>*individually and on behalf of all others*<br>*similarly situated* | Shawn D. Morris<br>William Allan Lemkul<br>MORRIS SULLIVAN AND LEMKUL LLP<br>9915 Mira Mesa Boulevard, Suite 300<br>San Diego, CA 92131<br>Email: morris@morrissullivanlaw.com<br>Email: lemkul@morrissullivanlaw.com<br>*Attorneys for Plaintiff Taylor Picha*<br>*individually and on behalf of all others*<br>*similarly situated* |
| Anthony L. Parkhill<br>Ben Barnow<br>Erich Paul Schork<br>Jeffrey Daniel Blake<br>BARNOW AND ASSOCIATES, P.C.<br>One N. LaSalle Street, Suite 4600<br>Chicago, IL 60602<br>Email: aparkhill@barnowlaw.com<br>Email: b.barnow@barnowlaw.com<br>Email: e.schork@barnowlaw.com<br>Email: j.blake@barnowlaw.com<br>*Attorneys for Joshua Iron Wing; Ryan*<br>*McGrath* | Thomas J. O'Reardon, II<br>Timothy Gordon Blood<br>Paula R Brown<br>Paula Michelle Roach<br>BLOOD HURST & O'REARDON, LLP<br>501 W. Broadway, Suite 1490<br>San Diego, CA 92101<br>Email: toreardon@bholaw.com<br>Email: tblood@bholaw.com<br>Email: pbrown@bholaw.com<br>*Attorneys for Plaintiffs Jordan O'Hara and*<br>*Olivia Johnson individually and on behalf of*<br>*all others similarly situated; Brent Collins;*<br>*Attorneys for Joshua Iron Wing; Ryan*<br>*McGrath* |

I further certify that copies of the foregoing were served on all unrepresented parties and

on the Clerk of the Court for each proposed transferor court, by U.S. Mail, as follows:

| By U.S. Mail: | |
|---|---|
| Susan Y. Soong, Clerk<br>San Francisco Division<br>United States District Court<br>450 Golden Gate Avenue<br>Box 36060<br>San Francisco CA 94102<br><br>Susan Y. Soong, Clerk<br>Oakland Division<br>United States District Court<br>1301 Clay Street, Suite 400S<br>Oakland, CA 94612 | *Kooser et al. v. Facebook, Inc. et al.*, Northern District of California, Case No. 4:18-cv-02009<br><br>*Rubin et al. v. Facebook, Inc. et al., Cambridge Analytica LLC*, Northern District of California, Case No. 3:18-cv-01852<br><br>*Labajo et al. v. Facebook, Inc. et al.*, Northern District of California, Case No. 4:18-cv-02093<br><br>*Picha et al. v. Facebook, Inc. et al.*, Northern District of California, Case No. 3:18-cv-02090<br><br>*Haslinger et al. v. Facebook, Inc. et al.*, Northern District of California, Case No. 3:18-cv-01984<br><br>*Beiner et al. v. Facebook, Inc. et al.*, Northern District of California, Case No. 3:18-cv-01953<br><br>*O'Kelly et al. v. Facebook, Inc. et al., LLC*, Northern District of California, Case No. 3:18-cv-01915<br><br>*Gennock et al. v. Facebook, Inc. et al.*, Northern District of California, Case No. 3:18-cv-01891<br><br>*Price v. Facebook, Inc. and Cambridge Analytica*, Northern District of California, Case No. 3:18-cv-01732<br><br>*Joshua Iron Wing and Ryan McGrath v. Facebook, Inc.*, Northern District of California, Case No. 3:18-cv-02122<br><br>*Johnson et al. v. Facebook, Inc.*, Northern District of California, Case No. 3:18-cv-02127<br><br>*Buckles v. Facebook, Inc. et al.*, Northern District of California, Case No. 4:18-cv-02189 |

| | |
|---|---|
| | *Gerena v. Facebook, Inc.*, Northern District of California, Case No. 3:18-cv-02201 |
| | *Karon v. Facebook, Inc.*, Northern District of California, Case No. 5:18-cv-01929 |
| | *King v. Facebook, Inc. et al.*, Northern District of California, Case No. 3:18-cv-02276 |
| John A. Cerino, Clerk of the Court Office of the Clerk United States District Court 844 North King Street Unit 18 Wilmington, DE 19801-3570 | *Redmond et al. v. Facebook, Inc. et al.*, District of Delaware, Case No. 1:18-cv-00531 |
| Clerk of Court Hugo L. Black United States Courthouse 1729 5th Avenue North Birmingham, AL 35203 | *Williams et al. v. Facebook, Inc. et al.*, Northern District of Alabama, Case No. 2:18-cv-00535 |
| Kiry Gray, Clerk Southern Division Central Division of California 411 West 4th Street, Room 1053 Santa Ana, CA 92701 | *O'Hara et al. v. Facebook, Inc. et al.*, Central District of California, Case No. 8:18-cv-00571 |
| William T. Walsh, Clerk Newark Division Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07101 | *Malskoff et al. v. Facebook, Inc. et al.*, District of New Jersey, Case No. 2:18-cv-04451 |
| David J. Bradley, Clerk Houston Division United States Courthouse 515 Rusk Avenue Houston, TX 77002 | *Lodowski v. Facebook, Inc. et al.*, Southern District of Texas, Case No. 4:18-cv-00907 |
| Thomas G. Bruton, Clerk Chicago Division Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street Chicago, IL 60604 | *Comforte et al. v. Cambridge Analytica et al.*, Northern District of Illinois, Case No. 1:18-cv-02120 |

| By U.S. Mail: | |
|---|---|
| Global Science Research Ltd.<br>6th Floor 49 Peter Street,<br>Manchester, England, M2 3NG | Stephen K. Bannon<br>210 A Street, N.E.<br>Washington, DC 20002<br>Last Known Address |
| Robert Leroy Mercer<br>149 Harbor Rd.<br>Saint James, NY 11780 | Stephen K. Bannon<br>82 Heritage Hill Rd<br>New Canaan, CT 06840<br>Last Known Address |
| Aleksandr Kogan<br>University of Cambridge, Dept. of<br>Psychology<br>Downing Street<br>Cambridge, UK CB2 3EB | |

Dated: April 20, 2018     Respectfully Submitted,

/s/ Mark C. Scarsi
Mark C. Scarsi
MILBANK, TWEED, HADLEY & McCLOY LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
Telephone: 424-386-4580
Fax: 213-892-4750
Email: mscarsi@milbank.com

*Attorneys for Cambridge Analytica LLC,*
*Cambridge Analytica Holdings LLC, Cambridge*
*Analytica Political LLC, Cambridge Analytica (UK)*
*Ltd., Cambridge Analytica Commercial LLC, SCL*
*Elections Ltd., SCL Group Ltd., SCL USA Inc.*