18CV2120

FILED
4/30/2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTI-DISTRICT LITIGATION

| | |
|---|---|
| IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION | MDL DOCKET NO. 2843 |

PLAINTIFF CHRISTINA LABAJO'S RESPONSE IN SUPPORT OF MOTION TO TRANSFER ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA AND FOR CONSOLIDATION PURSUANT TO 28 U.S.C § 1407

I. **INTRODUCTION.**

Christina Labajo ("Labajo"), Plaintiff in *Labajo v. Facebook, Inc. et al.*, Case No. 4:18-cv-02093-KAW (N.D.Cal.), hereby responds in support of the motion by Theresa Beiner and Brandon Haubert, Plaintiffs in *Beiner et al. v. Facebook, Inc. et al.*, Case No. 3:18-cv-1953 (N.D.Cal.), to transfer the actions before this Panel in MDL 2843 (the "Actions") to the Northern District of California and for consolidation pursuant to 28 U.S.C. section 1407. (Filed March 30, 2018, at Dkt. No. 1.)

These Actions all share common issues of fact and law, arising from allegations that Defendant Facebook, Inc. allowed the personal information of Facebook users to be misappropriated by Defendant Cambridge Analytica and other third parties. Consolidation is therefore appropriate pursuant to 28 U.S.C. section 1407. The Northern District of California is the most suitable venue for the consolidated action, for reasons including that Facebook has its headquarters within that judicial district and much of the relevant evidence and many of the witnesses will be found there.

## II. THE ACTIONS SHARE COMMON FACTUAL ALLEGATIONS.

*Labajo, Beiner* and the some 20 other putative class actions before the Panel share common factual allegations. In particular, the complaints in these lawsuits allege that in 2014, Facebook allowed a massive data breach in which the sensitive personal information of millions of Facebook users was misappropriated by Cambridge Analytica and other entities and used for unauthorized purposes, including attempts to influence the 2016 United States presidential election.

The complaints allege that Facebook users' data was "harvested" for Cambridge Analytica using an app called ThisIsYourDigitalLife, misleadingly billed as a "personality quiz"; and that when Facebook users were tricked into using the app, Facebook allowed the app to harvest not only those Facebook users' personal information but also the information of their Facebook friends, breaching the privacy of some 87 million Facebook members.

Most of the lawsuits allege Facebook falsely promised users that their personal information would be protected when, in fact, Facebook knew its security was inadequate to protect users' data; and that Facebook had a policy of selling user data to third parties and even implemented APIs to allow third-party apps to "harvest" user information.

The lawsuits seeks similar relief, including damages and compensation for class members, and injunctive relief to protect Facebook users' personal information. Most of the complaints were filed in the Northern District of California and seek relief under California's consumer protection statutes.

## III. ARGUMENT.

Transfer is appropriate if transfer will facilitate the convenience of parties and

witnesses and promote the just and efficient conduct of the transferred cases. 28 U.S.C. § 1407. Here, those conditions are met because, among other things, transfer will promote convenience and efficiency by conserving attorney and witness time, eliminating duplication in discovery, and reducing litigation costs. *See* Manual for Complex Litigation (Fourth) § 20.131 (2004).

The Northern District of California is the best choice for a transferee court. Facebook has its headquarters at Menlo Park, California, within the Northern District, and much of the relevant evidence, and many of the relevant witnesses, will be found there. The courts of the Northern District of California, which encompasses Silicon Valley, have considerable experience in handling complex litigation such as this, involving tech companies and their practices. That is also true of the court of Judge Vince Chhabria, to which *Price v. Facebook, Inc. et al*, Case No. 3:18-cv-01732-VC, the first-filed case in this litigation, was assigned.

Most of the cases before the Panel in this litigation were filed in the Northern District of California, arguing that the plaintiffs in those cases find this district the most convenient. It is also likely that California has more citizens among the victims of the alleged data breach than any other State. Most of the cases in this litigation also plead claims under California law; and courts in the Northern District of California have experience and expertise in applying California law to claims of litigants.

For all of these reasons, the Northern District of California is the best choice for a transferee court.

//

//

## IV. CONCLUSION.

For all of the above reasons, the Panel should transfer the cases before it in this litigation to the Northern District of California for consolidated pre-trial proceedings.

Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By: /s/ *Gordon M. Fauth, Jr.*
Gordon M. Fauth, Jr.
Of Counsel
Rosanne L. Mah
Of Counsel
100 Pine Street, Suite 1250
San Francisco, California 94111
Direct Telephone: (510) 238-9610
Telephone: (415) 398-8700
Facsimile: (415) 398-8704
gfauth@finkelsteinthompson.com
rmah@finkelsteinthompson.com

Attorneys for Individual and Representative
Plaintiff Christina Labajo

BEFORE THE UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION | MDL NO. 2843 |

CERTIFICATE OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that on or before April 23, 2018 copies of the foregoing:

1) PLAINTIFF CHRISTINA LABAJO'S RESPONSE IN SUPPORT OF MOTION TO TRANSFER ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA AND FOR CONSOLIDATION PURSUANT TO 28 U.S.C § 1407

were served on all attorneys of record and parties via the ECF/CM system and/or electronic mail, and were further served as follows:

*Served via First Class Mail:*

Susan Y. Soong, Clerk
Office of the Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Clerk of the Court
U.S.D.C. Northern District of Illinois, Eastern
Everett McKinley Dirksen
Office of the Clerk
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

Clerk of the Court
U.S.D.C. District of New Jersey, Newark
Office of the Clerk
Martin Luther King Building & U.S.

Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

Clerk of the Court
U.S.D.C. Southern District of Texas, Houston
David J. Bradley
Office of the Clerk
P. O. Box 61010
Houston, TX 77208

Robert Leroy Mercer
149 Harbor Rd.
Saint James, NY 11780

Global Science Research Ltd.
6th Floor 49 Peter Street
Manchester, England M23NG

Aleksandr Kogan
University of Cambridge, Dept. of Psychology
Downing St.
Cambridge, UK CB2 3EB

Stephen K. Bannon
210 A Street, N.E.
Washington, DC 20002


Date: April 23, 2018          By: /s/ Gordon M. Fauth, Jr.
                              Gordon M. Fauth, Jr.
                              Of Counsel
                              Rosanne L. Mah
                              Of Counsel
                              **FINKELSTEIN THOMPSON LLP**
                              100 Pine Street, Suite 1250
                              San Francisco, California 94111
                              Direct Telephone: (510) 238-9610
                              Telephone: (415) 398-8700
                              Facsimile:  (415) 398-8704

                              *Attorneys for Plaintiff Christina Labajo*