## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VICTOR JAMES COMFORTE, II and BRENDAN MICHAEL CARR, individually, and on behalf of all others similarly situated, ) ) ) ) ) | |
| ) | CASE No. 18-cv-2120 |
| Plaintiffs, ) ) | |
| v. ) ) | Judge Elaine E. Bucklo |
| CAMBRIDGE ANALYTICA, LLC, FACEBOOK, INC., MARK ZUCKERBERG, and JOHN and JANE DOES 1-100, ) ) ) ) ) | Magistrate Judge Jeffery Cole |
| Defendants. ) ) | |

**Document and Data Preservation Order**

This Court, having read the Plaintiff's Emergency Motion for the Entry of a Document and Data Preservation Order, with notice having been provided via email to counsel for Defendant CAMBRIDGE ANALYTICA, LLC, having heard oral argument on said Motion, it is hereby ORDERED:

For the reasons set forth on the record in open court, this Court finds that good cause exists for the entry of a Document and Data Preservation Order ("Order").

Until such time as CAMBRIDGE ANALYTICA, LLC, appears through counsel and seeks relief from this Order, CAMBRIDGE ANALYTICA, LLC, and its parent companies, subsidiaries, related entities, officers, executives, agents, employees and lawyers (hereafter "Cambridge") are placed on notice of their duties to preserve relevant data consistent with the issues, allegations and claims set forth by the Complaint in this Civil Action.

In particular, Cambridge is placed on notice of the following:

(a) <u>Cambridge's Duty to Preserve to Preserve "Documents, Data, and Tangible Things"</u>: Cambridge and its lawyers duty to preserve relevant "documents, data, and tangible things" shall be interpreted broadly to accomplish the goal of maintaining the integrity of all potentially relevant documents.  Cambridge and its lawyers shall have the duty to preserve relevant "documents, data, and tangible things" and shall have the duty to take reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, overwriting, shredding, incineration, wiping, relocation, migration, theft or mutation of documents, as well as to prevent any action that would make the documents incomplete or inaccessible;

(b) <u>Cambridge's Instructions to Employees, Agents and Officers:</u>  Cambridge and its lawyers shall promptly instruct all current and former employees, agents and officers who had or still have access to relevant to "documents, data, and tangible things" (as defined below) to preserve and produce all electronic copies of all relevant "documents, data, and tangible things" and make sure all back-up media is identified and stored in a safe place.  Further, Cambridge and its lawyers shall promptly inform this Court after notice has been provided to all of Cambridge's current and former employees, agents and officers regarding the above and below obligations;

(c) <u>Suspension of Ordinary Course Document Destruction</u>: Cambridge and its lawyers shall immediately take steps to ensure that no potentially relevant documents are destroyed in the ordinary course through the operation of standard procedures for the destruction of "documents, data, and tangible things".  If Cambridge engages in routine destruction, recycling, relocation, or mutation of such materials, Cambridge must, to the extent practicable for the pendency of this initial order, either: (i) halt such business processes, (ii) sequester or remove such material from the business process, or (iii) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested;

(d) <u>Preservation of Software Legacy Software</u>: Cambridge and its lawyers shall securely retain all current or legacy software and hardware necessary to access, manipulate, print, search, organize, collect, image, decrypt, decompress, etc. potentially relevant electronically stored information to the extent Cambridge possesses such software or hardware on the effective date of this Order.  In addition, existing documents (e.g., training manuals, instruction books, user guides, etc.) sufficient to describe or explain the installation, operation and use of the software and hardware shall similarly be securely retained; and

(e) <u>Definitions</u>: "Documents, data, and tangible things" is to be interpreted broadly, to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; email; telephone message records or logs, computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts, jottings, and notes.

information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

This Order shall continue to be in force until such time as a higher court determines that this Order should be vacated or modified. In particular, to the extent permitted by common or statutory law, this Order shall continue in force notwithstanding any bankruptcy filing made by CAMBRIDGE ANALYTICA, LLC.

_____

THE HONORABLE _____

DATED: _____