EW

**18CV2120**

## BEFORE THE UNITED STATES
## JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

In re:

FACEBOOK, INC., CONSUMER PRIVACY
USER PROFILE LITIGATION

MDL Docket No. 2843

**FILED**

MAY 07 2018

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
## FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT
## OF CALIFORNIA AND FOR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol
David T. Rudolph
Melissa Gardner
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
msobol@lchb.com


CARNEY BATES & PULLIAM PLLC
Hank Bates
Allen Carney
David Slade
519 West 7th Street
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505


*Attorneys for Plaintiffs Theresa Beiner and Brandon Haubert*

1546302.1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................................1

II.   SUMMARY OF RESPONSES.......................................................................................2

III.  ARGUMENT.................................................................................................................3

    A.   The Northern District of California is where Facebook's headquarters and many of the potentially relevant witnesses and documents are located...................3

    B.   The home district of Facebook is the center of gravity for this litigation...............4

    C.   The Northern District of California is well-equipped to oversee this action. ..........6

    D.   The Derivative Cases Should be Centralized in this MDL......................................9

IV.   CONCLUSION.............................................................................................................11

# TABLE OF AUTHORITIES

Page

## Cases

*Hodges v. Akeena Solar, Inc.*,
No. 09-02147, 2010 WL 2756536 (N.D. Cal. July 9, 2010) .................................................... 11

*In re Apple Inc. Device Performance Litig.*,
MDL No. 2827, 2018 WL 1631119 (J.P.M.L. Apr. 4, 2018).................................................... 6

*In re Dealer Mgmt. Sys. Antitrust Litig.*,
MDL No. 2817, 2018 WL 671499 (J.P.M.L. Feb. 1, 2018) ...................................................... 6

*In re Equifax, Inc.*,
289 F. Supp. 3d 1322 (J.P.M.L. 2017)...................................................................................... 9

*In re Fed. Nat. Mortg. Ass'n Sec. Derivative & "ERISA" Litig.*,
370 F. Supp. 2d 1359 (J.P.M.L. 2005)...................................................................................... 9

*In re Fleming Companies Inc. Sec. & Derivative Litig.*,
269 F. Supp. 2d 1374 (J.P.M.L. 2003).................................................................................... 10

*In re General Motors Corp. Sec. & Derivative Litig.*,
429 F. Supp. 2d 1368 (J.P.M.L. 2006)...................................................................................... 9

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
223 F. Supp. 3d 1353 (J.P.M.L. 2016)...................................................................................... 6

*In re: Carrier IQ, Inc. Consumer Privacy Litig.*,
856 F. Supp. 2d 1332 (J.P.M.L. 2012)...................................................................................... 6

*In re: Facebook Internet Tracking Litig.*,
844 F. Supp. 2d 1374 (J.P.M.L. 2012)...................................................................................... 6

*In re: Facebook, Inc., IPO Sec. & Derivative Litig.*,
899 F. Supp. 2d 1374 (J.P.M.L. 2012).................................................................................... 10

*In re: Gaiam, Inc.,Water Bottle Mktg., Sales Practices & Prod. Liab. Litig.*,
672 F. Supp. 2d 1373 (J.P.M.L. 2012).................................................................................... 10

*In re: Google Inc. St. View Elec. Commc'ns Litig.*,
733 F. Supp. 2d 1381 (J.P.M.L. 2010)...................................................................................... 6

*In re: Home Depot, Inc. Customer Data Sec. Breach Litig.*,
65 F. Supp. 3d 1398 (J.P.M.L. 2014)...................................................................................... 11

*In re: Swisher Hygiene, Inc., Sec. & Derivative Litig.*,
885 F. Supp. 2d 1380 (J.P.M.L. 2012).................................................................................... 10

*In re: Zimmer Holdings, Inc., Sec., Derivative & Employee Ret. Income Sec. Act (ERISA) Litig.*,
626 F. Supp. 2d 1319 (J.P.M.L. 2009).................................................................................... 10

## I.   INTRODUCTION

Pursuant to JPML Rule 6.1(d), Theresa Beiner and Brandon Haubert, plaintiffs in the action *Beiner et al. v. Facebook, Inc. et al.*, Case No. 3:18-cv-1953 (N.D. Cal.), respectfully submit this reply memorandum in support of their motion for transfer of actions to the U.S. District Court for the Northern District of California and for consolidation pursuant to 28 U.S.C. § 1407.

On March 30, 2018, the *Beiner* plaintiffs moved this Panel for an order transferring eight identified actions, as well as any tag-along cases, to the U.S. District Court for the Northern District of California for coordinated or consolidated proceedings. Since that initial filing, a combined 24 cases have been identified as tag-along actions before the JPML, with 16 of those cases having been filed in the Northern District of California.

As was the case when the *Beiner* plaintiffs moved to transfer, more cases have been filed in the Northern District of California than in any other district by a significant margin. That district remains the superior forum for this proposed multidistrict litigation (MDL) because it is where the primary and only common party in all actions, Facebook, has its headquarters, and accordingly where many of Facebook's witnesses and documents are located.  The Northern District of California is the most convenient forum, and it can effectively handle the MDL. Moreover, based on the responses filed to date, the overwhelming majority of plaintiffs and the defendants that have appeared before the JPML: Facebook, Cambridge Analytica LLC, Cambridge Analytica Holdings LLC, Cambridge Analytica Political LLC, Cambridge Analytical Commercial LLC, Cambridge Analytica (UK) Ltd. (collectively, "Cambridge Analytica"), and Defendants SCL Elections Ltd., SCL Group Limited, and SCL USA Inc. (collectively, the "SCL Defendants") all support transfer to the Northern District of California.

## II.   SUMMARY OF RESPONSES

As of this filing, the parties in underlying actions have filed a total of 17 responses and one supplemental response to the *Beiner* plaintiffs' motion to transfer. All parties are in agreement that the consumer class action cases should be centralized for pretrial proceedings; the only issues in dispute are (1) whether derivative actions arising from the same factual allegations should be consolidated or coordinated with the consumer class actions; and (2) where the cases should be transferred.

The vast majority of parties agree that the Northern District of California is the appropriate transferee forum. Eleven responses support transfer to the Northern District of California (see Dkts. 7, 19, 64, 65, 69, 71, 72, 73, 75, 79, 80); Two other responses support transfer to the Central District of California or the Northern District of California as alternatives (*see* Dkt. 62, 78); One response supports transfer to the Eastern District of Pennsylvania, the District of Delaware, or the District of DC (*see* Dkt. 57); One response supports transfer to the District of New Jersey or the Eastern District of Pennsylvania (*see* Dkt. 67); on supports transfer to the Northern District of Illinois (*see* Dkt. 77); and one supports transfer to the Southern District of Texas (*see* Dkt. 16).

The Northern District of California is where Facebook's headquarters and many of the potentially relevant witnesses and documents are located. It also has docket conditions conducive to effective handling of this proposed MDL, along with jurists who have substantial experience overseeing similar, large-scale technology and privacy litigation.  The shareholder derivative actions should also be consolidated or coordinated in this MDL and transferred to the Northern District of California because the cases concern substantially the same parties and factual core, and coordinating the litigations, particularly for pre-trial discovery, would maximize efficiency for all parties and serve judicial economy.

III.     **ARGUMENT**

A.     **The Northern District of California is where Facebook's headquarters and many of the potentially relevant witnesses and documents are located.**

As demonstrated in the *Beiner* plaintiffs' motion to transfer, Facebook's response, Cambridge Analytica's response, and the responses of 15 groups of plaintiffs, the arguments in favor of transfer to the Northern District of California are compelling. Among other things, the Northern District of California is:

- The home to the headquarters of Facebook, the primary and only common defendant in these cases;

- The location of the majority of witnesses and documents likely to be relevant in these cases;

- The district in which the majority of cases have been filed to date;

- The district home to three international airports;

- A major metropolitan area with public transportation and numerous hotels in close proximity to the courthouses; and

- A forum that the Panel has recognized as well-equipped to handle multi-district litigation, including for large scale privacy and technology cases.

Furthermore, the cases filed in the Northern District of California have already been related, or are pending an order on motions and judicial referrals to relate the cases with the first-filed case in that district.[1] The Panel's prior decisions have made clear that the home district of the primary defendant is the appropriate transferee forum because it has the strongest connection to the litigation and it is where relevant documents and witnesses are likely to be located. *See* Dkt. 1 at 7-8. (collecting cases).  As explained further below, the Northern District of California is the center of gravity in this litigation. In this reply brief, the *Beiner* plaintiffs will seek to avoid

---

[1] The cases that the Court has already held are related are *Beiner et al. v. Facebook, Inc. et al.*, No. 18-01953; *Kooser et al v. Facebook, Inc. et al.*, No. 18-02009; *O'Kelly v. Facebook, Inc. et al.*, No. 18 -01915; *Price v. Facebook, Inc. et al.*, No. 18-01732; *Rubin v. Facebook, Inc.*, Case No. 18-01852; *Haslinger v. Facebook, Inc. et al.*, No. 18-01984; and *Gennock et al. v. Facebook, Inc. et al.*, No. 18-CV-01891.

duplicative arguments and respond to several of the primary arguments made in the responses in opposition.

**B.     The home district of Facebook is the center of gravity for this litigation.**

The actions underlying this proposed MDL involve allegations relating to the massive unauthorized exfiltration of Facebook user data for use by Cambridge Analytica for "psychometric" targeted advertising during the 2016 presidential election campaign. Facebook's practices regarding the user data with which it was entrusted are at the center of this litigation, and the Northern District of California, where Facebook has its headquarters and where 16 of 24 actions before the Panel were filed, is the center of gravity. The majority of plaintiffs, Facebook, and the defendants with ties to the United Kingdom support transfer to the Northern District of California. *See* Dkt. 19, 73-74. The decisions, omissions and policies relevant to this litigation were instituted from Facebook's Menlo Park Headquarters, all reinforcing that the Northern District of California is where the majority of discovery will occur.

The plaintiffs in eleven actions have expressed unequivocal support for transfer to the Northern District of California. Six filings suggest other venues, two as alternatives to the Northern District of California (Dkt. 16, 57, 62, 67, 77, 78). Of those, three—responses favoring the District of Delaware, DC, and Eastern District of Pennsylvania[2], the Northern District of Illinois, and the Southern District of Texas—emphasize that those locations are roughly midway between the West Coast (Facebook's headquarters) and the East Coast (Cambridge Analytica's United States offices), suggesting that a mid-point would be most convenient for the parties. Dkt. 16-1, 18, 77[3]. However, because the proffered courthouses are hundreds to thousands of

---

[2] No actions have been filed in the District of the District of Columbia or the Eastern District of Pennsylvania.

[3] The response for the Northern District of Illinois takes this argument one step further, to

*Footnote continued on next page*

miles from the headquarters of *any* defendant, transferring this action to those districts would simply make the litigation inconvenient for all of them, as well as for the majority of plaintiffs who have already identified the Northern District of California as their chosen forum.

The sole response filed for the District of New Jersey points to Cambridge Analytica's offices in nearby New York City, but ignores that the relevant decisions by Cambridge Analytica likely happened at its headquarters in the United Kingdom. The location of Cambridge Analytica's actual headquarters outside of the United States is a neutral factor that neither favors nor disfavors transfer to any district, although that factor being neutral does underscore the reasonableness of transfer to the district where Facebook's headquarters are located. Notably, Cambridge Analytica is not a named defendant in several of the consumer class actions currently before the Panel. *See* Dkt. 25-3, 25-4, 49-5.

One response—favoring the Central District of California, argues that Facebook witnesses and documents are "just a short trip" away from Los Angeles courthouses (Dkt. 62), but fails to acknowledge the nearly 400-mile distance from Menlo Park to Los Angeles, or to justify the added time and expenses associated with traversing it. Similarly, the response supporting transfer to the District of Delaware asserts that Delaware is the "common geographic focal point" of all of the actions, although there is no reason to believe that any defendant's key personnel or other witnesses and documents will be located in Delaware, which is "common" to certain defendants solely by virtue of their incorporation in that state. Dkt. 57.

---

*Footnote continued from previous page*

speculate that if additional app developers are named as defendants, it is plausible they will be located throughout the United States, causing Chicago's location in the center of the United States to become even more convenient than the district where Facebook (the only defendant named in every action filed to date), is actually located. Dkt. 77 at 4. Potential proximity to theoretical future defendants has never been identified as a factor in this Panel's analysis, and, even if it were, there is no reason to believe that app developers are more likely to reside nearer to Chicago than to Silicon Valley.

Instead, the center of gravity of this litigation is plainly the Northern District of California, where Facebook's practices were decided and where a significant number of relevant documents and witnesses are actually located—not 400 miles to the south or halfway across the country. *See, e.g.*, *In re Dealer Mgmt. Sys. Antitrust Litig.*, MDL No. 2817, 2018 WL 671499, at *2 (J.P.M.L. Feb. 1, 2018) ("CDK is headquartered in the district, and relevant documents and witnesses thus will be found there.")

## C. The Northern District of California is well-equipped to oversee this action.

Courts in the Northern District of California have unparalleled experience overseeing complex privacy and technology litigation, including litigation against Facebook (Dkt. 1 at 7, collecting cases), and this Panel routinely transfers data security and privacy cases to that district when the primary defendant's headquarters are located there. *See, e.g., In re Apple Inc. Device Performance Litig.*, MDL No. 2827, 2018 WL 1631119, at *2 (J.P.M.L. Apr. 4, 2018) ("The Northern District of California is an appropriate transferee district . . . [given] strong connection to these cases. Apple is headquartered within, and the critical events and decisions underlying plaintiffs' claims occurred in, the Northern District of California."); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 223 F. Supp. 3d 1353, 1354-55 (J.P.M.L. 2016) ("We conclude that the Northern District of California is an appropriate transferee district for this litigation. Defendant Yahoo's corporate headquarters is located within the district, and therefore relevant documents and witnesses are likely to be located there."); *In re: Carrier IQ, Inc. Consumer Privacy Litig.*, 856 F. Supp. 2d 1332, 1333 (J.P.M.L. 2012) (selecting Northern District of California where "where common defendant Carrier IQ and other manufacturer defendants are headquartered"); *In re: Facebook Internet Tracking Litig.*, 844 F. Supp. 2d 1374, 1375 (J.P.M.L. 2012) ("Common defendant Facebook is headquartered in the Northern District of California, where relevant documents and witnesses are located"); *In re: Google Inc. St. View Elec. Commc'ns Litig.*, 733

F. Supp. 2d 1381, 1382 (J.P.M.L. 2010) ("We are persuaded that the Northern District of

California is an appropriate transferee forum for this litigation. The sole defendant, Google, is

headquartered there, and most relevant documents and witnesses are likely located there."). In

light of their significant experience overseeing such litigation, Northern District of California

courts are particularly well-qualified to handle these types of cases.

Several responses suggest that this MDL should be sent to a less convenient venue

because too many MDLs (21) are already pending in the Northern District of California.

Responses favoring each of the Central District of California (Dkt. 62), the Northern District of

Illinois (Dkt. 77), and the Newark vicinage of the District of New Jersey[4] (Dkt. 67), state that

those forums are superior to the Northern District of California because ten MDLs are pending in

each of them.  In the District of Delaware, there is only one. Dkt. 57.  The number of pending

MDLs, however, is not a reliable measure for a forum's capacity to oversee this litigation. The

number of judges in each district varies significantly, as does the criminal and other civil case

load and the length and complexity of cases.

MDLs themselves can vary dramatically in size and complexity; some involve fewer than

five related litigations, others involve hundreds to thousands of individual claims.  Evaluating the

number of individual actions coordinated and transferred within MDLs assigned to a particular

district, while not always a direct indicator of complexity, nonetheless provides another useful

indicator of a district's MDL case load.  From that perspective, the statistics suggest that the

Northern District of California is a relatively under-utilized forum:

---

[4] The Newark vicinage is only one of multiple vicinages in the District of New Jersey.
Seventeen MDLs are pending in that district, not ten.

| District | Pending MDL Dockets | Individual Actions Transferred Within All Pending MDL Dockets |
|---|---|---|
| Northern District of California | 21 | **3,177** |
| Northern District of Illinois | 10 | **6,780** |
| District of New Jersey | 17 | **13,108[5]** |

Additionally, while fewer MDLs and MDL actions are pending in the District of

Delaware and the Central District of California compared to the Northern District of California,

there is no meaningful difference in capacity to handle this litigation. The reported total number

of pending cases per Article III judgeship[6] are similar: 608 (N.D. Cal.); 580 (C.D. Cal.); 520

(D.DE), and judges in the Southern District of Texas and the District of New Jersey appear to be

exceptionally busy, with a 719 and 982 total pending cases per judgeship, respectively.[7]  Further

illustrating that other venues have no particular advantage from the standpoint of "congestion,"

the percentage of civil cases that have been pending longer than three years is very close in the

California District courts (5.8 percent in N.D. Cal and 5.7 percent in C.D.), 10 percent in the

District of Delaware, and 12.8% in the Northern District of Illinois.  *Id.*

Most importantly, the Northern District of California is the geographic center of this

litigation and possesses experienced and capable jurists who can expediently manage the issues

raised by these actions.  As all of the defendants and the majority of plaintiffs agree, it is the

---

[5] *See* Dkt. 77-1.  This figure excludes actions in five MDLs identified by the Malskoff plaintiffs (Dkt. 67) as part of MDLs in the Newark vicinage that have been "closed."

[6] These figures understate the capacity of the Northern District of California, where six Senior District Judges not accounted for by these statistics also handle cases, including seven of the Northern District of California's pending MDLs. *See* https://www.cand.uscourts.gov/judges.

[7] U.S.—Nat'l Judicial Caseload Profile, U.S. Courts, *available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2017.pdf.

district best-equipped and most convenient for this litigation.

**D.     The Derivative Cases Should be Centralized in this MDL.**

Facebook's Supplemental Response to the *Beiner* plaintiffs' motion (Dkt. 74) argues

against including the shareholder derivative action *Karon v. Zuckerberg*, No. 18-01929 (N.D.

Cal.), and subsequently noticed derivative actions, in this MDL. *See* Dkt. 55. *Karon* was noticed

on April 17, 2018 (*id.*), eighteen days after the *Beiner* plaintiffs' motion was submitted, and thus

was not identified as subject to the motion. Dkt. 1-2. The *Beiner* plaintiffs believe, however, that

consolidating or coordinating *Karon* and subsequently noticed shareholder derivative actions

would promote the efficient conduct of this litigation. All the actions, whether brought by

consumers or as derivative action, arise from a common factual core. Therefore, they will share

common discovery, even if certain claims or parties are not identically situated. For example, in

both litigations, Facebook's data-handling policies and practices, as well as the development and

implementation of such policies, will be central inquiries. *See In re Equifax, Inc.*, 289 F. Supp.

3d 1322 (J.P.M.L. 2017) (citation omitted) ("Section 1407 'does not require a complete identity

of common factual issues or parties as a prerequisite to transfer, and the presence of ... differing

legal theories is not significant where, as here, the actions still arise from a common factual

core.'")

Facebook argues that *Karon* and other derivative actions should proceed independently

because the plaintiffs and defendants are "different" in those cases from the consumer class

actions. Dkt. 74. Like the factual core of each litigation, however, the key *parties* are the same.

Indeed, class actions naming a certain defendant are routinely centralized with derivative actions

nominally brought on behalf of that defendant, for good reason: coordination before a single

judge makes both litigations more efficient. *See, e.g., In re Fed. Nat. Mortg. Ass'n Sec.*

*Derivative & "ERISA" Litig.*, 370 F. Supp. 2d 1359, 1361 (J.P.M.L. 2005) (centralizing

securities class actions, derivative class actions, and class action on behalf of retirement savings

plan participants where "all actions can be expected to focus on a significant number of common

events, defendants, and/or witnesses"); *In re General Motors Corp. Sec. & Derivative Litig.*, 429

F. Supp. 2d 1368, 1370 (J.P.M.L. 2006) (centralizing securities and derivative actions, same); *In*

*re Fleming Companies Inc. Sec. & Derivative Litig.*, 269 F. Supp. 2d 1374, 1375 (J.P.M.L. 2003)

(same); *In re: Zimmer Holdings, Inc., Sec., Derivative & Employee Ret. Income Sec. Act (ERISA)*

*Litig.*, 626 F. Supp. 2d 1319, 1320 (J.P.M.L. 2009) (same); *see also In re: Swisher Hygiene, Inc.,*

*Sec. & Derivative Litig.*, 885 F. Supp. 2d 1380, 1381 n.2 (J.P.M.L. 2012) (same, noting that

Panel "typically include[s] securities and derivative actions in a single MDL").

Indeed, even within the limited universe of motions before this Panel that involve

Facebook, derivative actions have been centralized with other litigation (in this case, claims

against different defendants alleging harm related to the damages at issue in the securities

actions) where judicial economy would be served.  *See e.g., In re: Facebook, Inc., IPO Sec. &*

*Derivative Litig.*, 899 F. Supp. 2d 1374, 1376 (J.P.M.L. 2012) ("We conclude that though the

NASDAQ actions involve different defendants and claims from those in the securities and

derivative actions, they do involve enough common questions of fact, related circumstances and

common discovery to warrant centralization.")

Here too, because the derivative actions and the consumer class actions arise from the

same policies, omissions, and conduct by Facebook, Cambridge Analytica, and other parties, the

cases should proceed within a single MDL.  The cases that Facebook relies upon are

distinguishable. *In re: Gaiam, Inc.,Water Bottle Mktg., Sales Practices & Prod. Liab. Litig.*

concerned a motion to consolidate recently-filed cases with an MDL that had already been

pending for more than one year, where all of the parties before the Panel and the defendants

opposed inclusion, *and* the newer cases asserted different legal theories and claims.  In those

circumstances consolidation was unlikely to result in increased efficiency or serve the purposes

of Section 1404.  672 F. Supp. 2d 1373, 1375 (J.P.M.L. 2010).  Similarly, in *Hodges v. Akeena*

*Solar, Inc.* the District Court denied a motion to relate a derivative suit to a pending securities

class action where the pending case was "further along procedurally . . . [having] already

survived a Motion to Dismiss and [was] moving toward class certification" because relating

cases at different procedural stages of litigation would not reduce the risk of duplication.  No. 09-

02147, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010).  Here by contrast, all of the cases are

relatively nascent and there are substantial efficiencies to be gained through coordination.

Coordination will also be practical.  To the extent there are differences across the

litigations, a wide array of pre-trial techniques are available to the transferee court, such as

separate motions tracks, to efficiently manage the litigation.  *See In re: Home Depot, Inc.*

*Customer Data Sec. Breach Litig.*, 65 F. Supp. 3d 1398, 1400 (J.P.M.L. 2014).

## IV.    CONCLUSION

For the foregoing reasons, the *Beiner* plaintiffs respectfully request that this Panel grant

their Motion for Transfer and Consolidation under Section 1407 and transfer all related actions to

the United States District Court for the Northern District of California.

Dated: April 27, 2018                     By:   _/s/ Michael W. Sobol_____

Michael W. Sobol (CA #194857)
msobol@lchb.com
David T. Rudolph
drudolph@lchb.com
Melissa Gardner
mgardner@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Nicholas Diamand
ndiamand@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592

CARNEY BATES & PULLIAM, PLLC
Hank Bates (CA #167688)
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
David Slade
dslade@cbplaw.com
519 West 7th St.
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

*Attorneys for Plaintiffs Theresa Beiner and Brandon
Haubert in Beiner, et al. v. Facebook, Inc., et al., No.
3:18-CV-1953*

**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

In re:

FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION

MDL Docket No. 2843

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States

Judicial Panel on Multidistrict Litigation, I hereby certify that on April 27, 2018, I caused

a true and correct copy the Reply Memorandum in Support of Plaintiffs' Motion for

Transfer o Actions to the Northern District of California and for Consolidation Pursuant

to 28 U.S.C. § 1407 (filed by Plaintiffs Theresa Beiner and Brandon Haubert) to be filed

with the Clerk of the Court using the Judicial Panel on Multidistrict Litigation's CM/ECF

system, which will serve notification of such filing to the email of all counsel who have

appeared in this action. I further certify that copies of the foregoing were served on all

counsel (or unrepresented parties), and on the Clerk of the Court for each proposed

transferor court, by U.S. First Class Mail, postage pre-paid, as shown on the enclosed

service list.

Dated: April 27, 2018             Respectfully submitted,

                                  /s/ Michael W. Sobol
                                  Michael W. Sobol
                                  drudolph@lchb.com
                                  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                  275 Battery Street, 29th Floor
                                  San Francisco, CA 94111-3339
                                  Telephone: 415.956.1000
                                  *Counsel for Plaintiffs Theresa Beiner and Brandon Haubert*
                                  *in Case No. 18-cv-01953 (N.D. Cal.)*

*Service List*

Alyssa M Williams
Angela Jae Chun
David Seabold Casey , Jr
Jeremy K. Robinson
Gayle M. Blatt
Casey Gerry Schenk Francavilla, Blatt
   & Penfield LLP
110 Laurel St
San Diego, CA 92101
Tel:  (619) 238-1811
Fax:  (619) 544.9232
Email: awilliams@cglaw.com
Email: ajc@cglaw.com
Email: dcasey@cglaw.com
Email: jrobinson@cglaw.com
Email: gmb@cglaw.com
*Counsel to Plaintiff Lucy Gerena*

Todd David Carpenter
Carlson Lynch Sweet Kilpela & Carpenter
LLP
1350 Columbia Street, Suite 603
San Diego, CA 92101
Email: tcarpenter@carlsonlynch.com
*Counsel for Plaintiffs: Ashley Gennock,*
*Randy Nunez*

Joseph Scott Davidson
James C. Vlahakis
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Tel.: (630) 581-5456
Fax: (630) 575-8188
Email: jvlahakis@sulaimanlaw.com
*Counsel to Plaintiff Victor James Comforte, II*
*and Brendan Michael Carr*

Robert Leroy Mercer
149 Harbor Rd.
Saint James, NY 11780

Global Science Research Ltd.
6th Floor 49 Peter Street
Manchester, England, M2 3NG

Gary F. Lynch
Kelly K. Iverson
Carlson Lynch Sweet Kilpela
& Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
Fax: (412) 231-0246
Email: glynch@carlsonlynch.com
Email: kiverson@carlsonlynch.com
*Counsel to Plaintiff Ashley Gennock and*
*Randy Nunez*

Derek G. Howard
Derek G. Howard Law Firm, Inc.
42 Miller Avenue
Mill Valley, CA 94941
Tel:  (415) 432-7192
Fax: (415) 524-2419
Email: derek@derekhowardlaw.com
*Counsel for Plaintiff James Karon*

Stephen K. Bannon
210 A Street, N.E.
Washington, DC 20002
*Last Known Address*

Karen H. Riebel
Kate M. Baxter-Kauf
Lockridge Grindal Nauen PLLP
100 Washington Ave S., Ste 2200
Minneapolis, MN 55401
Tel.: (612) 339-6900
Fax: (612) 339-0981
Email: khriebel@locklaw.com
Email: kmbaxter-kauf@locklaw.com
*Counsel to Plaintiff Ashley Gennock and
Randy Nunez*

Kenneth W. DeJean
Adam R. Credeur
Law Offices of Kenneth W. DeJean
417 W. University Avenue (70506)
Post Office Box 4325
Lafayette, LA 70502
Tel.: (337) 235-5294
Fax: (337) 235-1095
Email: kwdejean@kwdejean.com
Email: adam@kwdejean.com
*Counsel to Plaintiff Ashley Gennock and
Randy Nunez*

Christopher Springer
Keller Rohrback, L.L.P.
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
Email: cspringer@kellerrohrback.com
*Counsel to Plaintiff Suzie Haslinger*

Arthur M. Murray
Caroline W. Thomas
Murray Law Firm
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Tel.: (504) 525-8100
Fax: (504) 584-5249
Email: amurray@murray-lawfirm.com
Email: cthomas@murray-lawfirm.com
*Counsel to Plaintiff Ashley Gennock and
Randy Nunez*

Norman E. Siegel
Jason Scott Hartley
Stueve Siegel Hanson, LLP
550 West C Street
Suite 1750
San Diego, CA 92101
Tel.: (619) 400-5822
Fax: (619) 400-5832
Email: hartley@stuevesiegel.com
*Counsel to Plaintiff Howard O'Kelly*

Lynn Lincoln Sarko
Gretchen Freeman Cappio
Cari Campen Laufenberg
Keller Rohrback, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com
Email: gcappio@kellerrohrback.com
Email: claufenberg@kellerrohrback.com
*Counsel to Plaintiff Suzie Haslinger*

John A. Yanchunis
Patrick A. Barthle, II
Morgan and Morgan, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 223-5402
Email: jyanchunis@ForThePeople.com
Email: pbarthle@forthepeople.com
Email: rmcgee@forthepeople.com
*Counsel to Plaintiff Lauren Price*

Joshua Haakon Watson
Clayeo C. Arnold, A Professional Law
Corporation
865 Howe Avenue
Sacramento, CA 95825
Tel.: (916) 777-7777
Fax: (916) 924-1829
Email: jwatson@justice4you.com
*Counsel to Plaintiff Lauren Price*

James E. Cecchi
Carella Byrne Cecchi Olstein Brody &
Agnello, PC
5 Becker Farm Road
Roseland, NJ 07068
Tel.: (973) 994-1700
Fax: (973) 994-1744
Email: jcecchi@carellabyrne.com
*Counsel to Plaintiffs Jay Malskoff and
Kenneth Irvine*

Steven William Teppler
Abbott Law Group, P.A.
2929 Plummer Cove Road
Jacksonville, FL 32223
Tel.: (904) 292-1111
Fax: (904) 292-1220
Email: steppler@abbottlawpa.com
*Counsel to Plaintiff Lauren Price*

William Craft Hughes
Hughes Ellzey, LLP
Galleria Tower I
2700 Post Oak Blvd, Suite 1120
Houston, TX 77056
Tel.: (888) 350-3931
Fax: (888) 995-3335
Email: craft@hughesellzey.com
*Counsel to Plaintiff Matthew Lodowski*

Nicholas A. Carlin
Phillips Erlewine Given & Carlin LLP
39 Mesa Street, Suite 201
The Presidio
San Francisco, CA 94129
Tel.: (415) 398-0900
Fax: (415) 398-0911
Email: nac@phillaw.com
*Counsel to Plaintiff Jonathan D. Rubin*

Helen I. Zeldes
Amy C. Johnsgard
Andrew J. Kubik
Ben Travis
Coast Law Group LLP
1140 S. Coast Highway 101
Encinitas, CA 92024
Tel.: (760) 942-8505
Fax: (760) 942-8515
Email: helen@coastlaw.com
Email: amy@coastlaw.com
Email: andy@coastlaw.com
Email: ben@coastlaw.com
*Counsel to Plaintiffs Jordan O'Hara, Brent
Collins, and Olivia Johnston*

Michael J. Flannery
Cuneo Gilbert & LaDuca LLP
7733 Forsyth Boulevard, Suite 1675
St. Louis, MO 63105
Tel.: (314) 226-1015
Fax: (202) 789-1813
Email: mflannery@cuneolaw.com
*Counsel to Plaintiffs Jordan O'Hara, Brent
Collins, and Olivia Johnston*

Timothy G. Blood
Thomas J. O'Reardon II
Paula R. Brown
Blood Hurst & O'Reardon, LLP
501 W. Broadway, Suite 1490
San Diego, CA 92101
Tel.: (619) 339-1100
Fax: (619) 338-1101
Email: tblood@bholaw.com
Email: toreardon@bholaw.com
Email: pbrown@bholaw.com
*Counsel to Plaintiffs Jordan O'Hara, Brent
Collins, and Olivia Johnston*

Charles J. LaDuca
Cuneo Gilbert & LaDuca LLP
4725 Wisconsin Ave., NW, Suite 200
Washington, DC 20016
Tel.: (202) 789-3960
Fax: (202) 789-1813
Email: charlesl@cuneolaw.com
*Counsel to Plaintiffs Jordan O'Hara, Brent
Collins, and Olivia Johnston*

Paul L. Hoffman
Aidan C. McGlaze
Schonbrun Seplow Harris & Hoffman LLP
11543 W. Olympic Blvd
Los Angeles, CA 90064
Tel.: (310) 396-0731
Fax: (310) 399-7040
Email: phoffman@sshhlaw.com
Email: amcglaze@sshhlaw.com
*Counsel to Plaintiffs Jordan O'Hara, Brent
Collins, and Olivia Johnston*

Mark Scarsi
Milbank, Tweed, Hadley & McCloy LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Tel.: (424) 386-4580
(213) 897-4780
Email: mscarsi@milbank.com
Counsel to *Defendants Cambridge Analytica,
LLC, Cambridge Analytica Holdings LLC,
Cambridge Analytica Commercial, LLC,
Cambridge Analytica Political, LLC,
Cambridge Analytica (UK) Ltd., SCL Elections
Limited, SCL Group Ltd., and SCL USA Inc.*

Aleksandr Kogan
University of Cambridge, Dept. of
Psychology
Downing Street
Cambridge, UK CB2 3EB


Joshua Haakon Watson
Clayeo C. Arnold, A Professional Law Corp.
865 Howe Avenue
Sacramento, CA 95825
Tel.: (916) 777-7777
Fax: (916) 924-1829
Email: jwatson@justice4you.com
*Counsel to Plaintiffs Debra Kooser and*
*Margaret Frankiewicz*


Luke Montgomery
Brad Ponder
Montgomery Ponder, LLC
2226 1st Avenue South, Suite 105
Birmingham, AL 35233
Tel.: (205) 201-0303
Fax: (205) 208-9443
Email: luke@montgomeryponder.com
Email: brad@montgomeryponder.com
*Counsel to Plaintiff Jackie Williams*


Kevin Hannon
The Hannon Law Firm, LLC
1641 Downing St.
Denver, CO 80218
Tel.: (303) 861-8800
Email: khannon@hannonlaw.com
*Counsel to Plaintiffs Debra Kooser and*
*Margaret Frankiewicz*

Eric H. Gibbs
Aaron Blumenthal
Andre Michel Mura
Gibbs Law Group LLP
505 14th Street
Suite 1110
Oakland, CA 94612
Tel:  (510) 350-9700
Fax: (510) 350-9701
Email: ehg@classlawgroup.com
Email:  ab@classlawgroup.com
Email:  amm@classlawgroup.com
*Counsel to Plaintiff Patricia King*

Will Lemkul
Morris Sullivan & Lemkul LLP
9915 Mira Mesa Boulevard, Suite 300
San Diego, CA 92131
Tel.: (858) 566-7600
Fax: (858) 566-6602
Email: lemkul@morrissullivanlaw.com
*Counsel to Plaintiff Taylor Picha*

Orin Snyder
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-2400
Fax: (212) 351-6335
Email: osnyder@gibsondunn.com
*Counsel to Defendants Facebook, Inc.,*
*Mark Zuckerberg, Sheryl K. Sandberg,*
*Marc L. Andreessen, Peter A. Thiel,*
*Reed Hastings, Erskine B. Bowles, Susan*
*D. Desmond-Hellman, and Jan Koum*

Gordon M. Fauth, Jr.
Of Counsel
Rosanne L. Mah
Of Counsel
Finkelstein Thompson LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel.: (415) 398-8700
Fax: (415) 398-8704
Email: gfauth@finkelsteinthompson.com
Email: rmah@finkelsteinthompson.com
*Counsel to Plaintiff Christina Labajo*

Jodi Westbrook Flowers
Ann Ritter
Fred Baker
Kimberly Barone Baden
Andrew Arnold
Annie Kouba
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel.: (843) 216-9000
Fax: (843) 216-9450
Email: jflowers@motleyrice.com
Email: aritter@motleyrice.com
Email: fbaker@motleyrice.com
Email: kbaden@motleyrice.com
Email: aarnold@motleyrice.com
Email: akouba@motleyrice.com
*Counsel to Plaintiff Taylor Picha*

Timothy G. Blood
Thomas J. O'Reardon
Paula M. Brown
Blood Hurst & O'Reardon, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel.: (619) 338-1100
Fax: (619) 338-1101
Email: tblood@bholaw.com
Email: toreardon@bholaw.com
Email: pbrown@bholaw.com
*Counsel to Plaintiffs Joshua Iron Wing and
Ryan McGrath*

Ben Arnow
Erich P. Schork
Jeffrey D. Blake
Anthony Parkhill
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Tel.: (312) 621-2000
Fax: (312) 641-5504
Email: b.barnow@barnowlaw.com
Email: e.schork@barnowlaw.com
Email: j.blake@barnowlaw.com
Email: aparkhill@barnowlaw.com
*Counsel to Plaintiffs Joshua Iron Wing and
Ryan McGrath*

Shana E. Scarlett
Hagens Berman Sobol Shapiro, LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel.: (510) 725-3000
Fax: (510) 725-3001
Email: shanas@hbsslaw.com
*Counsel to Plaintiffs Carol Johnson, Daniel
Paul, and Steve Mortillaro*

Steve W. Berman (pro hac vice forthcoming)
Robert F. Lopez (pro hac vice forthcoming)
Hagens Berman Sobol Shapiro, LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel.: (206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com
Email: robl@hbsslaw
*Counsel to Plaintiffs Carol Johnson, Daniel
Paul, and Steve Mortillaro*

Christopher P. Simon
David G. Holmes
Matthew Jury
Cross & Simon LLC
1105 North Market Street, Suite 901
Wilmington, DE 19801
Tel.: (302) 777-4200
Fax: (302) 777-4224
Email: csimon@crosslaw.com
Email: dholmes@crosslaw.com
Email: mjury@crosslaw.com
*Counsel to Plaintiffs Ben Redmond, Lindsay
Rathert, Salvador Ramirez, Gerry Galipault,
Kyle Westendorf, Robert Woods, and Jordan
Hunstone*

Robert F. Ruyak
Korula T. Cherian
Richard Ripley
Rebecca Anzidei
Ruyak Cherian LLP
1700 K Street NW, Suite 810
Washington, DC 20006
Tel.: (202) 838-1560
Email: robertr@ruyakcherian.com
Email: sunnyc@ruyakcherian.com
Email: rickr@ruyakcherian.com
Email: rebeccaa@ruyakcherian.com
*Counsel to Plaintiffs Ben Redmond, Lindsay
Rathert, Salvador Ramirez, Gerry Galipault,
Kyle Westendorf, Robert Woods, and Jordan
Hunstone*

Richard W. Fields
Fields PLLC
1700 K Street, NW, Suite 810
Washington, DC 20006
(800) 878-1432
Email: Fields@fieldslawpllc.com
*Counsel to Plaintiffs Ben Redmond, Lindsay
Rathert, Salvador Ramirez, Gerry Galipault,
Kyle Westendorf, Robert Woods, and Jordan
Hunstone*

Matthew I. Knepper
Miles N. Clark
Knepper & Clark, LLC
10040 W. Cheyenne Ave, Suite 170-109
Las Vegas, NV 89129
Tel.: (702) 825-6060
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com
*Counsel to Plaintiff Sanford Buckles*

Matthew M. Loker
Kazerouni Law Group, APC
1301 East Grand Ave, Suite 101
Arroyo Grande, CA 93420
Tel.: (800) 400-6808
Fax: (800) 520-5523
Email: ml@kazlg.com
*Counsel to Plaintiff Sanford Buckles*

David H. Krieger, Esq.
Haines & Krieger, LLC
8985 S. Eastern Ave. Ste. 350
Henderson, NV 89123
Tel.: (702) 880-5554
Fax: (702) 385-5518
Email: dkrieger@hainesandkrieger.com
*Counsel to Plaintiff Sanford Buckles*

Timothy Scott Barton, Jr
115 Iowa Street
Danville, IL 61832
Tel.: (217) 799-8492
Email: runnerforlife08@gmail.com
*Pro se Plaintiff*

Abbas Kazerounian
Kazerouni Law Group, APC
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Tel.: (800) 400-6808
Fax: (800) 520-5523
Email: ak@kazlg.com
*Counsel to Plaintiff Sanford Buckles*

Joshua B. Swigart, Esq
Hyde & Swigart
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Tel.: (619) 233-7770
Fax: (619) 297-1022
Email: josh@westcoastlitigation.com
*Counsel to Plaintiff Sanford Buckles*

David S. Casey, Jr.
Gayle M. Blatt
Jeremy Robinson
Angela Jae Chun
Alyssa Williams
Casey Gerry Schenk
Francavilla Blatt & Penfield, LLP
110 Laurel Street
San Diego, CA 92101
Tel.: (619) 238-1811
Fax: (619) 544-9232
Email: dcasey@cglaw.com
Email: gmb@cglaw.com
Email: jrobinson@cglaw.com
Email: ajc@cglaw.com
Email: awilliams@cglaw.com
*Counsel to Plaintiff Lucy Gerener*

Jay Edelson
Benjamin H. Richman
Ari J. Scharg
David Mindell
Alfred K. Murray
Edelson PC
350 N LaSalle, 14th Floor
Chicago, IL, 60654
Tel.: (312) 589-6370
Email: jedelson@edelson.com
Email: brichman@edelson.com
Email: ascharg@edelson.com
Email: dmindell@edelson.com
Email: amurray@edelson.com
*Counsel for Plaintiff People of the State of
Illinois*, ex rel. *Kimberly M. Fox*

Daniel Joseph Mulligan
Larry Wayne Gabriel
Jenkins, Mulligan & Gabriel , LLP
10085 Carroll Canyon Road
Suite 210
San Diego, CA 92131
Tel: (415) 982-8500
Fax: (415) 982-8515
Email: dan@jmglawoffices.com
Email:  Email: lgabriel@bg.law
*Counsel for Plaintiff James Karon*

Kent S. Ray
Cook County State's Attorney's Office
69 W. Washington Street
Suite 3130
Chicago, IL 60602
Tel.: (312) 603-6934
*Counsel to Plaintiff People of the State of
Illinois*, ex rel., *Kimberly M. Foxx*


Douglas J. McNamara
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Dmcnamara@cohenmilstein.com
*Counsel for Plaintiffs Bridgett Burk, Beth Grisi
and Jason Ariciu*