

FILED
6/6/2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AEE

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California
by: Elizabeth Garcia
    Deputy Clerk
Date: 06/06/18

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION                           MDL No. 2843

### TRANSFER ORDER

      **Before the Panel**:[*] Plaintiffs in one Northern District of California action move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California. This motion involves eight actions pending in four districts, as listed on Schedule A. The Panel also has been notified of 22 potentially-related actions ("potential tag-along actions") pending in six districts.[1] Plaintiffs in fifteen actions and potential tag-along actions and responding defendants[2] support centralization in the Northern District of California, in the first instance or in the alternative. Plaintiffs in six actions and potential tag-along actions support centralization and suggest one or more of the following as transferee district: the Southern District of Texas, the District of Delaware, the Eastern District of Pennsylvania, the District of the District of Columbia, the Central District of California, the District of New Jersey, or the Northern District of Illinois.

      On the basis of the papers filed and the hearing held, we find that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All responding parties agree that the actions share factual issues arising out of allegations that Cambridge Analytica and other defendants exploited Facebook's platform to obtain user data, and that Facebook should have imposed more robust controls on the use of data by third party applications to prevent this conduct.[3] Centralization will eliminate duplicative discovery,

---

      [*]      Judge Ellen Segal Huvelle took no part in the disposition of this matter.

      Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

      [1]      *See* Panel Rules 1.1(h), 7.1, and 7.2.

      [2]      Facebook, Inc. (Facebook); Cambridge Analytica LLC ("Cambridge Analytica"); Cambridge Analytica Holdings LLC; Cambridge Analytica Political LLC; Cambridge Analytica Commercial LLC; Cambridge Analytica (UK) Ltd.; SCL Elections Ltd.; SCL Group Limited; and SCL USA Inc.

      [3]      There are several shareholder derivative and securities actions pending in the Northern District of California, and some responding parties have addressed their inclusion in

-2-

prevent inconsistent pretrial rulings on class certification, and conserve the resources of the parties, their counsel, and the judiciary.

We find that centralization in the Northern District of California is appropriate. Responding defendants and plaintiffs in sixteen actions support centralization in that district, where Facebook is headquartered and relevant evidence and witnesses are likely to be located. Judge Vince Chhabria, who is presiding over almost half the pending actions, is an experienced transferee judge who can steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California, and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | R. David Proctor |
| Catherine D. Perry | |

---

centralized proceedings. Additionally, plaintiff in a potential tag-along action pending in the Northern District of Illinois opposes inclusion of that action in centralized proceedings. Arguments advanced by potential tag-along plaintiffs opposing inclusion of their actions in centralized proceedings will be considered in due course through the conditional transfer order process, where appropriate, as these actions are not now before the Panel.

IN RE: FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION                           MDL No. 2843

## SCHEDULE A

<u>Northern District of California</u>

PRICE v. FACEBOOK, INC., ET AL., C.A. No. 3:18-01732
RUBIN v. FACEBOOK, INC., ET AL., C.A. No. 3:18-01852
O'KELLY v. FACEBOOK, INC., ET AL., C.A. No. 3:18-01915
BEINER, ET AL. v. FACEBOOK, INC., ET AL., C.A. No. 3:18-01953
GENNOCK, ET AL. v. FACEBOOK, INC., ET AL., C.A. No. 3:18-01891

<u>Northern District of Illinois</u>

COMFORTE, ET AL. v. CAMBRIDGE ANALYTICA, ET AL., C.A. No. 1:18-02120

<u>District of New Jersey</u>

MALSKOFF, ET AL. v. FACEBOOK, INC., ET AL., C.A. No. 2:18-04451

<u>Southern District of Texas</u>

LODOWSKI v. FACEBOOK, INC., ET AL., C.A. No. 4:18-00907